## SYMONS v. BUNNELL et al.[*]

### No. 12,558; March 15, 1889.

#### 20 Pac. 859.

**Rules of Court—Suspension.—Rules of Court** are but a Means to accomplish the ends of justice, and it is always in the power of the court to suspend its own rules, or to except a particular case from their operation, whenever the purposes of justice require it.

**New Trial—Surprise—Affidavits.—Where the Affidavits are Conflicting** as to the question of surprise, made the ground of a motion for a new trial, the court below cannot be said to have acted without the exercise of a proper discretion.

APPEAL from Superior Court, Tuolumne County; J. F. Rooney, Judge.

Ejectment by William Symons against E. F. Bunnell and Joseph Clark. Judgment for plaintiff, and defendants appeal. They complain that the case was set for trial on plaintiff's motion, without any notice of such motion, and without consent; that such notice or consent was required by a rule of the trial court; and that the court should have granted a continuance for that reason.

I. M. Kalloch (Theodore Bradley of counsel) for appellants; F. D. & G. W. Nicol and P. W. Bennett for respondent.

FOOTE, C.—An appeal from a judgment in ejectment and an order denying a new trial. The grounds of the contention of the appellants are that the court below abused its discretion in not allowing a continuance of the cause upon their motion, and in denying their motion for a new trial based upon surprise which ordinary prudence could not have guarded against. The action of the court, under the circumstances (as stated in the affidavits used in the motions to set aside the judgment and for a new trial), in going on with the trial of the case in violation, as it is alleged, of one of its rules, was not erroneous. Such rules are but "a means to accomplish the ends of justice," and it is always in the power

---

[*] For subsequent opinion in bank, see 80 Cal. 330, 22 Pac. 193, 550.

of the court to suspend its own rules, or to except a particular case from their operation, whenever the purposes of justice require it: Pickett v. Wallace, 54 Cal. 147, and cases cited. The affidavits were conflicting as to the question of surprise, and the court below cannot be said to have acted without the exercise of a proper discretion. The defendants have been deprived of no legal right, and the judgment and order should be affirmed.

We concur: Belcher, C. C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.