[No. 12558.   In Bank. — September 3, 1889.]

WILLIAMS SYMONS, RESPONDENT, *v.* E. F. BUN-
NELL ET AL., APPELLANTS.

NEW TRIAL — NOTICE OF INTENTION — NOTICE OF DECISION. — A notice of intention to move for a new trial may be given before the receipt of the notice of the decision, and when so given is in time.

EXCUSABLE NEGLECT — FAILURE TO PREPARE FOR TRIAL. — The failure of an attorney to prepare for the trial, in consequence of a conversation had with the adverse attorney, by which he is misled into the belief that the trial would be postponed, is excusable neglect, warranting a new trial.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*I. M. Kalloch, Theodore Bradley, Warren Olney,* and *M. G. Cobb,* for Appellants.

*F. D. & G. W. Nicol,* and *P. W. Bennett,* for Respondent.

THORNTON, J.—Action of ejectment to recover possession of two mining claims, situate in the county of Tuolumne. Judgment for plaintiff. Motion for new trial by defendants, which was denied. Appeal by defendants from the judgment and order denying a new trial.

The affidavits used on the hearing of the motion for a new trial are identified by the certificate of the judge as having been so used.

The notice of intention to move for a new trial was served and filed in time. There was no notice of the decision of the court given defendants. As they had a right to wait until such notice was given before commencing proceedings to procure a new trial, the notice of intention given before such motion was in time.

We think it evident that there was a misunderstanding between Gardiner, the attorney for defendants, and F. D. Nicol, one of the attorneys for plaintiff, in regard to the day when the cause would be tried, which caused Gardiner to omit making preparations for the trial of this cause on the 15th of July, 1887. That misunderstanding arose in this way: On the first day of July, 1887, the cause was set down to be heard on the 15th of the same month. On the same day, Gardiner wrote from Tuolumne County to defendant Clark, who resided in San Francisco, informing him that the cause was set for trial on the day above named. On the 4th of July following, Clark, in the city of San Francisco, wrote Gardiner in regard to the case as follows: "In respect to Symons's case, Mr. Nicol and myself agreed that it should not be taken up for trial until the last week in July or first week in August. He said that he could not get ready to try it until then. I saw him here last week."

The Nicol mentioned in the letter was and is one of the attorneys of plaintiff herein.

The above letter from Clark was received by Gardiner in Tuolumne County on the 6th of July, 1887. Soon after Gardiner received this letter from Clark he met Mr. Nicol and said to him, "I have just received a letter from Clark"; to which Nicol replied, "Yes; I have just seen him in San Francisco; that is all right." From this Gardiner concluded, and was justified in concluding, that Nicol had seen Clark, and that the agreement mentioned in Clark's letter that the trial should take place during the last week in July or the first week in August had been made between them. Clark deposes that such an agreement had been made between him and Nicol, while Nicol denies it. But Nicol does not deny that the conversation above detailed did occur between him and Gardiner. Nothing stated by Nicol in his affidavit is inconsistent with or contradictory of what Gardiner deposed as regards this conversation. We are convinced from the foregoing that Gardiner was misled by the conversation had with Nicol into the belief that the trial would not take place until the last week in July or first week in August, and therefore did not make preparation to try the cause.

It seems that his co-defendant had left to Clark the preparation of the cause for trial, and as Clark heard nothing to the contrary of what he had written to Gardiner in regard to his agreement with Nicol, he supposed that the agreement would be carried out, and therefore he (Clark) took no steps to get ready for trial on the 15th of July, 1887.

When the cause was called for trial on the 15th of July, Gardiner asked for a continuance, and subsequently moved to set aside the judgment, and for a new trial, all of which were refused. The above-stated facts came out on the motion for a new trial.

The defendants, on the motion to vacate the judgment

and for a new trial, presented the affidavit of merits required by law.

The judgment in this case was procured against defendants under circumstances which entitled them to be relieved from it. The evidence shows that the neglect of defendants, on account of which the judgment lien went against them, was excusable. The court below should, therefore, have granted them a new trial, and it erred in refusing it. (Code Civ. Proc., sec. 473.) The judgment and order are therefore reversed, and the cause remanded for a new trial, and upon filing the *remittitur* herein the superior court of Tuolumne County is directed to restore to the appellants the possession of the property described in the complaint, and all rights lost by said judgment.

So ordered.

Sharpstein, J., Works, J., Fox, J., Paterson, J., and Beatty, C. J., concurred.

McFarland, J., dissented.