CRONKHITE *et al.* v. BOTHWELL.

(October 11, 1892.)[1]

APPEAL—DISMISSAL—FAILURE TO FILE BRIEFS IN TIME.

A rule of the supreme court providing that, if briefs be not filed within a certain time, the case may be dismissed, cannot be suspended merely because a foreign attorney whose duty it is to file the briefs is ignorant of the time and allows it to go over, nor in any other instance, unless, perhaps, a case of overwhelming necessity; since under Sess. Laws 1890–91, c. 49, such a rule becomes, when adopted, as binding on the court, attorneys, and parties litigant therein as if an enactment of the legislature.

Motion by Albert J. Bothwell to dismiss proceedings in error brought by Aaron H. Cronkhite and others in their cause. For former report, see ante, 736, 30 Pac. Rep. 492. Granted.

*M. B. Carpenter* and *D. H. Craig*, for plaintiffs in error. *Baird & Churchill*, for defendant in error.

GROESBECK, C. J. The defendant in error, by his attorneys, moved to dismiss the proceedings in error in this cause, for the reason that the plaintiffs in error had failed to file their briefs within 60 days after filing the petition in error, as required by rule 21 of this court, (26 Pac. Rep. xiii.,) and this motion was filed May 16, 1892. The cause was dismissed, but, upon application of the plaintiffs in error, it was reinstated, because the record did not affirmatively show that notice of this motion to dismiss was served upon the plaintiffs in error, and because the application to reinstate, which was verified by the affidavit of the attorney for plaintiffs in error, did show that no service of a notice of such motion was made upon the plaintiffs in error. Cronkhite v. Bothwell, 30 Pac. Rep. 492.[2] Rule 9 of this court[3] (26 Pac. Rep. xii.) provides that all motions submitted to the court must be in writing, and notice thereof, except in cases of petitions for a rehearing, shall be served on the adverse party, or his attorney of record, at least one day before the hearing of such motion, and it was for a lack of compliance with this rule that the cause was reinstated on the docket. The defendant in error now files a motion to dismiss for the same reasons as set forth in his first motion; that is, because the plaintiffs in error have not filed, or caused to be filed, with the clerk of this court six copies or any number of copies of their brief in this proceeding within 60 days after filing their petition in error herein, as required by rule 15 of this court, and because the plaintiffs in error have not within 60 days after filing their petition in error herein served or caused to be served, or mailed or caused to be mailed, to the defendant in error, or his attorneys of record, or to either of them, a copy of their brief in this proceeding, as required by said rule 15. This is shown by the files and records of this court, and by the affidavit of one of the attorneys of record for the defendant in error, filed in support of the motion to dismiss. Due proof of the service of notice of this motion upon one of the attorneys for the plaintiffs in error is also shown by affidavit, and such service is not disputed.

The following rules of this court relate to the time for filing briefs, and the consequences of failure to file them within the prescribed time: "Rule 15. Within sixty days after filing his petition in error, the plaintiff in error shall file with the clerk six copies of his brief, and shall, at the same time, serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief; and within forty-five days thereafter the defendant in error shall file with the clerk of the court six copies of his brief, and shall, at the same time, serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief." "Rule 21. When the plaintiff in error, or party holding the affirmative, has failed to file and serve his brief as required by these rules, the defendant in error, or party holding the negative, may have the cause dismissed, or may submit it, with or without oral argument. When the defendant in error, or party holding the negative, has failed to file and serve his brief as required by these rules, and the brief of the plaintiff in error, or party holding the affirmative, has been duly filed, and served within the time required, the plaintiff in error, or party holding the affirmative, may submit the cause, with or without oral argument, and the other party shall not be heard. A cause will be placed on the trial docket at any time for the purpose of enforcing this rule." Rule 20 of this court provides that "by consent of parties, or for good cause shown before the expiration of the time allowed, the court, or a justice thereof in vacation, may extend the time for filing briefs."

[1] This case was decided at the October term, 1892.
[2] Ante, 736.  [3] Ante, xlii.

It will be seen, therefore, that ample provision has been made for extending the time for filing briefs for good cause, but that the rules are imperative in requiring briefs to be filed within the time prescribed by the rules, when the time is not extended by the court, or by any member thereof in vacation. The application for this extension of time must be made before the expiration of the time fixed by the rule for filing briefs, and no provision is made for such extension thereafter, however satisfactory to the court the reasons may be for extending the time. These rules of our court are provided for by statute. "It shall be the duty of the supreme court, from time to time, to prescribe rules of practice for said court, not inconsistent with the constitution or laws of this state, and, when said rules are adopted by said court, the same shall be as binding upon the court, and the attorneys thereof, and the parties having business therein, as though the same were enactments of the legislature of the state." Sess. Laws Wyo. 1890-91, c. 49, § 4. This statute is, in substance, the statute in force under the territorial *regime*. The only substantial differences in the territorial statute and the present one are that the former provided for rules to be adopted at the first session, and used the word "promulgated" instead of "adopted." Rev. St. § 826. Under this statute, it has been held that a noncompliance with the rule of the territorial supreme court, requiring printed abstracts of the record to be filed in a certain manner and within a time limited by the rule, was sufficient to warrant the court in dismissing the cause. Halleck v. Bresnahen, (Wyo.) 2 Pac. Rep. 537;[1] Spencer v. McMaster, (Wyo.) 3 Pac. Rep. 798.[2] In the former cited case, it was held that the rules of practice of the court were made as binding upon the different courts, and the parties practicing therein, as if they were legislative enactments. As the present rules are likewise made binding by statute upon this court, as well as the attorneys and parties litigant therein, we do not see how we may disregard or suspend them. Independently of statutory regulation, any court of last resort would undoubtedly have the inherent power to prescribe rules for the disposition and dispatch of its business, and possibly such rules might be suspended or a particular case excepted from their operation whenever the purposes of

[1] Ante, 73.  [2] Ante, 105.

justice might require, such rules being considered as but a means to accomplish, and not to defeat, justice. Pickett v. Wallace, 54 Cal. 147; Symons v. Bunnell, (Cal.) 20 Pac. Rep. 859; Id., 80 Cal. 330, 22 Pac. Rep. 193; People v. Williams, 32 Cal. 280-288. These cases are based upon certain language used by the supreme court of the United States in the case of U. S. v. Breitling, 20 How. 252-254; but in a later case that court has used the following language as to noncompliance with its rules: "To the proper conduct of the business of this court, rules are necessary, and, having been prescribed, reasonable compliance with them is expected, and must be insisted upon. When they are disregarded, dispensation from the consequences can only be extended where the circumstances furnish adequate excuse. Were this otherwise, our regulations might become more honored in the breach than the observance, and the recognition of due procedure would be seriously weakened and impaired." Green v. Elbert, 137 U. S. 615, 621, 11 Sup. Ct. Rep. 188.

The supreme court of the United States has rules providing for the filing of briefs before the case is called for argument, and the following provision is found there, as to the party in default: "When, according to this rule, a plaintiff in error or an appellant is in default, the case may be dismissed on motion; and, when a defendant in error or an appellee is in default, he will not be heard, except on consent of his adversary, and by request of court." Paragraph 5, rule 21, 108 U. S. 585, 3 Sup. Ct. Rep. xii. We have been unable to find any case in that court dismissed for failure to file briefs within the time prescribed by the rule, but there are a multitude of cases reported in the appendices to the recent reports dismissing cases for failure to comply with rule 10 (3 Sup. Ct. Rep. viii.) of that court relating to the printing of records. Rule 16 of that court provides that "where no counsel appears, and no brief has been filed for the plaintiff in error or appellant, when the case is called for trial, the defendant may have the plaintiff called, and the writ of error or appeal dismissed, or may open the record and pray for an affirmance." 108 U. S. 583, 3 Sup. Ct. Rep. xi. Under this rule, which is more like rule 21 of this court, quoted supra, cases have been dismissed without filing an opinion. Fitton v. Taylor, append. 140 U. S. 680, 11 Sup. Ct. Rep. 1020; Miller v. Edgerton, 140 U. S.

690, 11 Sup. Ct. Rep. 1024. There are many cases in the state Reports that doubt or expressly deny the right or power of a court to change or modify its own rules to suit the circumstances of any case. Rules of court have the force of law, and are not less obligatory upon the judges than upon the parties to the action. Courts are clothed with power to prescribe such rules as may be necessary and useful in the exercise of their functions; they ought not to be relaxed or suspended to meet temporary convenience, or to be accommodated to ever varying circumstances of time. Walker v. Ducros, 18 La. Ann. 703. Where the court has established rules for its government and that of suitors there exists no discretion in the court to dispense with their rules or to innovate on established practice. Hughes v. Jackson, 12 Md. 450. Courts may modify or rescind their rules, but while in force they are the law of the court, and, as such, are part of the law of the land. Ogden v. Robertson, 15 N. J. Law, 124. Every court has inherent power to prescribe rules, being limited only by their reasonableness and conformity to constitutional and legislative enactments. Without this power, it would be impossible to dispatch business. Such rules the court can change, modify, or rescind, but while they are in force they must be applied to all cases falling within them. No discretion can be exercised as to their application unless such discretion is authorized by the rules themselves. Owens v. Ranstead, 22 Ill. 173.

In Oregon, the only authority conferred by statute upon the supreme court for the enactment of rules was that "every court of justice" might "provide for the orderly conduct of proceedings before it." It was held in that state that a rule prescribing the time within which a motion for a rehearing should be made, vests in the court no discretion to grant a rehearing after the time limited by the rule has expired. It was further held that such a rule was not unreasonable or repugnant to law, and was within the legitimate and unquestioned power of the court to establish. Coyote G. & S. M. Co. v. Ruble, 9 Or. 121. Says Judge ELLIOTT in his work on Appellate Procedure: "It is evident from the authorities referred to in the preceding paragraphs, and from the principles there stated, that a motion to dismiss must assign some cause or some reason which establishes the claim that the appeal will not lie, or that some step essential to the effectiveness of the appeal has not been taken in the manner and within the time prescribed by the statute or by the rules of practice. It is not enough to comply with the statutory commands or the common-law requirements, for the rules established by the court must also be complied with or the appeal may be dismissed. Our decisions (those of the Indiana supreme court) have not given such strict effect and force to the rules of the court as the courts elsewhere have done, and it is, perhaps, to be regretted that the court has been so lax in the enforcement of its rules. We venture to say that it is much better and much more satisfactory to strictly and uniformly enforce the rules than to spasmodically relax them, and now and then rigidly enforce them. Our court has enforced the rules respecting the filing of briefs with considerable strictness, but the rules in other respects have not been very strictly enforced. It is, as the authorities to which we have referred very clearly show, not only proper to dismiss an appeal for failure to comply with the rules of the court, but it is a duty. The rules constitute the law, and cannot be disregarded." Elliott, App. Proc. § 523, and cases there cited. The note to this section quoted states that the rule of the Indiana supreme court requiring briefs to be filed within a fixed period has invariably been enforced, and in some instances where a brief, but not such an one as the rule prescribes, has been filed, the case has been dismissed.

It may be possible that no statute could take from a court of last resort the power to suspend its rules to prevent injustice, as it seems that the power of such a court to prescribe its own rules is inherent and necessary to the exercise of the power lodged in the judiciary. It may be that the legislature has no power broad enough to fetter or control the courts of superior and appellate jurisdiction so as to preclude the exercise of independent judicial discretion or judgment. There might be cases of unavoidable casualty or overwhelming necessity presented where the court would be justified in waiving or suspending a rule, even though it is provided that it shall have the binding effect of a statute, but certainly the matters alleged in justification in the affidavit of one of the attorneys for the plaintiffs in error, presented in support of the motion to reinstate, do not constitute a ground for relief.

We perhaps might not be required to regard this affidavit, as it is not presented against the renewed motion to dismiss before us. But, considering it as of such effect, it is entirely insufficient. The affidavit states that such attorney was given sole charge and control of the case on behalf of the plaintiffs in error, and the proceedings were instituted by him. He was admitted as an attorney from a sister state *ex gratia* to appear in the cause. He made the entry of the cause on his private docket, and noted that the briefs. should be filed within 90 instead of 60 days from the time of filing the petition in error. He had no copy of the rules of this court, or, if he had, he mislaid them, and was under the impression or felt certain that he had 90 instead of 60 days in which to file his brief and argument. He was awaiting the printed copy of the record which he had ordered before making his brief, and yet the rules do not require a printed record or even an abstract to be filed,—a concession made with some reluctance by this court as at present constituted to the attorneys, on the ground of expense to poor litigants. He was called away on important business, and did not return home until some 10 days before the expiration of the time for filing the brief in this case, when he wrote to the clerk to send him a copy of the printed record. This was in ample time to have the time extended according to rule 20. Attorneys practicing in this court are bound to know its rules, whether members of long standing of the court or for a particular case. These rules have been widely promulgated as an appendix to the session laws of the last legislature, which closed its session a year prior to the beginning of these proceedings in error. They are simple in language, easily accessible, and easily understood. The laches of the attorney for plaintiffs in error is not excusable, even under his own showing. We cannot absolve him from the penalty legitimately attaching to the disregard of our rules. Green v. Elbert, 137 U. S. 623, 11 Sup. Ct. Rep. 188. We cannot depart from the beaten route of so many valuable precedents to accommodate attorneys. It would encourage a lack of vigilance in attorneys and suitors, and discourage the prompt compliance with the rule on the part of the diligent and attentive. The briefs have been filed since the expiration of the time, but this does not prevent a dismissal. The defendant in error has a right to have the proceedings in error dismissed. Elliott, App. Proc. § 449, and cases cited. If there had been a hearing upon notice to the adverse party to the one making the motion, upon the first motion to dismiss, we could not have considered this motion, as it sets forth the same grounds of dismissal. But we have, in effect, decided that the action of this court in granting the first motion.to dismiss upon an *ex parte* hearing was a nullity, as it was no presentation under the rules. We consider, therefore, that this motion to dismiss, made upon due service of a notice of the motion, is for the first time, in effect, before us, and has not been decided. Of course, if the plaintiffs in error had been notified of its filing and pendency, they would have had their day in court, and then, if the motion had been overruled, it would not have been reheard when renewed, except upon motion for rehearing. The motion to dismiss proceedings in error is granted.

CONAWAY, J., concurs.