## ROBERTSON v. SHOROW & COMPANY.

APPEAL AND ERROR—DISMISSAL FOR FAILURE TO FILE BRIEFS—RULES OF COURT.

1. Rules of court as to filing briefs are not adopted alone in the interest and for the convenience of parties, but their object is largely to secure the regular and orderly disposition of business in the court, and to facilitate its reasonable dispatch.

2. Where an extension of time for filing briefs is desired, application therefor should be made regularly under the rule.

3. In the absence at least of a showing that counsel was unavoidably prevented from taking advantage of the specific provisions of the rule governing extension of time for filing briefs, and default occurs, a party cannot be permitted to file briefs after expiration of the time allowed by the rules, over the objection of the adverse party, a motion to dismiss for such default having been filed and the same being insisted on.

4. Where default has occurred in filing briefs, and a motion to dismiss on that ground is filed and insisted on, a showing merely that counsel relied upon the verbal promise of the attorney who represented the adverse party in the court below that the matter of time would be waived, is not sufficient to authorize permission to file briefs, especially where it does not appear that consenting counsel is employed or authorized to appear in this court; but a different attorney does appear.

5. Whatever right a party may have, so far as he is concerned, to waive a strict compliance with the rules in respect to briefs on the part of his adversary, a waiver is not shown where it merely appears that the attorney for such adversary in the trial court verbally promised that the matter of time would be waived, and where such attorney is not employed and does not appear in this court, but a different attorney appears and moves to dismiss on the ground of default in filing briefs.

6. Where petition in error was filed August 21, 1901, motion to dismiss for default in filing briefs December 20, 1901, and notice thereof, and that same would be brought on for hearing May 15, 1902, was served May 5. *Held*, that the case should be dismissed, notwithstanding that briefs were filed May 14, and service thereof accepted by the attorney who represented defendants in error in the trial court, but not in the Supreme Court, and who stated in his acceptance that time had been extended for a reasonable time by mutual consent.

7. Whether or not the court would have power in any case to suspend its rule as to briefs to prevent injustice, it is held that no such showing of unavoidable casualty or overwhelming necessity was made as would justify such suspension in this case.

[Decided June 3, 1902.]

Error to the District Court, Natrona County, Hon. Charles W. Bramel, Judge.

On motion to dismiss for default of plaintiff in error in filing briefs. After motion to dismiss was filed, and notice of hearing thereon had been given, counsel for plaintiff in error moved for leave to file briefs for reasons stated in an attached affidavit. The facts are stated in the opinion.

*Eugene D. Norton,* for plaintiff in error.

*Homer Merrell,* for defendants in error.

Potter, Chief Justice.

Defendants in error move that the proceedings in error herein be dismissed for the failure of plaintiff in error to file and serve briefs within the time required by the rules of this court. The petition in error was filed and summons in error issued August 21, 1901. The motion to dismiss was filed December 20, 1901. Notice of the motion, and that it would come on for hearing May 15, 1902, was served upon the attorney for plaintiff in error May 5, 1902. Up to that time no briefs had been filed or served.

The motion to dismiss was filed by Homer Merrell, as attorney for the defendants in error, and his name as such attorney was signed to the notice of the motion which was served upon plaintiff's attorney. May 14, 1902, briefs on behalf of plaintiff in error were filed in the office of the clerk of this court, but that was after the notice of the motion previously filed had been served. On the back of one of the briefs so filed appears the following: "Service of the within brief is hereby accepted and admitted, and a copy thereof served on me this 12th day of May, 1902. The time for

serving and filing said brief having been extended by mutual consent for a reasonable time. Dated Casper, Wyoming, May 12th, 1902.          FRED D. HAMMOND,
"Atty. for Def'ts in Error."

At the same time that the briefs were filed, plaintiff in error filed a motion for leave to file them upon grounds set forth in an affidavit of her counsel attached to the motion. In that affidavit counsel states, in substance, that within the time provided by our rules for filing briefs he entered into a verbal agreement with Fred D. Hammond, attorney for defendants in error, that both would waive the time in which briefs should be filed, the reason therefor being that affiant was ill, and said Hammond was busy with other matters; and the latter then said that it was immaterial to him or his client when the briefs were filed by plaintiff in error, and he would prefer that they be not filed until he heard from his client; that subsequently, in the month of January, 1902, affiant asked Hammond if he had heard from his client, stating that if he had affiant would prepare and serve him with a brief, but that said Hammond informed affiant that he need not be in any hurry, but to prepare the brief at his leisure, and he would waive any and all irregularities as to time. Affiant also stated that it had been the custom and practice for Mr. Hammond and himself to verbally stipulate with reference to matters of practice.

It was held in Cronkhite v. Bothwell, 3 Wyo., 739, that the rules of this court are binding upon the court, as well as attorneys and parties litigant. Indeed, that is the literal reading of the statute. The provision is that the rules of this court shall be as binding upon the court and the attorneys thereof, and the parties having business therein, as though the same were enactments of the Legislature. (Rev. Stat., Sec. 3286.) In the case above cited a motion to dismiss the proceedings in error on the ground that plaintiff in error had neglected to file briefs within the time required by the rules was sustained, notwithstanding that the briefs had been filed after the expiration of the time, and the delay had

been caused by a misunderstanding of counsel as to the time within which briefs were required to be filed, counsel having erroneously supposed the limtation to be ninety instead of sixty days. The court said in the opinion that it was not seen how the court could disregard or suspend the rule. It was, however, stated that it may be possible that a statute could not deprive a court of last resort of the power to suspend its rules to prevent injustice. The court did not go so far as to hold directly that the court possessed such power. The statement was rather a carefully guarded expression to the effect that there might arise "cases of unavoidable casualty or overwhelming necessity," where the court would be justified in suspending a rule of its own creation, although it was given the binding effect of a statute. But it was held that, even if such power of suspension existed, the case did not present ground for relief.

It is clear that no unavoidable casualty or overwhelming necessity is shown in this case. It does not appear that counsel was prevented from preparing, filing or serving briefs, or from securing an extension of time in the manner provided by the rules, by any circumstance fairly beyond his control. We think rather that the facts indicate the contrary.

The rules as to filing briefs are not adopted alone in the interest and for the convenience of parties; but their object is largely to secure the regular and orderly disposition of business in the court, and to facilitate its reasonable dispatch. Rule 14 requires the filing of briefs in all causes except as otherwise provided in Rule 19, and that each brief shall contain a statement of the points and authorities relied on and shall refer specifically to the page and portion of the record where the question under discussion arises. Rule 19 refers to causes orignally begun in this court, and provides that in such cases the matter of requiring briefs and the time of filing the same, shall be fixed by the court or a justice thereof when the case is commenced. Rule 15 regulates the time for filing briefs in causes brought here on error, and

requires the·plaintiff in error to file and serve his briefs within·sixty ·days after ·filing·petition in error.  Rule 21 provides that when·the plaintiff in error, or party holding the affirmative, has failed to file and serve his ·brief, as required by the rules, the defendant in error, or party holding the negative, may have the cause dismissed, or may submit it with or without oral argument.

By Rule 20 it is provided that by consent of parties, or for good cause shown, before the expiration· of the time allowed, the court or a justice thereof in vacation may extend the time for filing briefs.  Thus, ample provision seems to have been made for securing an extension of time.  Counsel should have followed the rule and applied regularly for the extension, if one was desired.  His only showing is that he relied upon the verbal promise of the attorney who represented the defendants in the District Court that the matter of time would be waived.  He does not show that said attorney was employed ·or authorized to appear for the defendants in this court.  Indeed, as we know from the comparatively recent admission of that attorney in this court, he had not been admitted to practice here at the time the agreement is said to have been made.  On the other hand, a different attorney appears here for the defendants, and his authority ·is not questioned.

In view of the specific provision in the rules for extensions, and the absence of a showing that counsel was unavoidably prevented from taking advantage thereof, we do not perceive how he can now be permitted to file briefs and escape the consequences of his default, over the objection of counsel for defendants.  Indeed, in Cronkhite v. Bothwell, *supra*, it was said that the application for extension must be made before the expiration of the time fixed by the rule for filing briefs, and that no provision is made for such extension thereafter, however satisfactory the reasons may be for extending the time.

Whatever right a party may have, so far as he is concerned, to waive a strict compliance with the rules in respect to

briefs on the part of his adversary, it is clear that this case does not present a case of such waiver. The motion was filed in December last, and the defendants in error, through their attorney, whom we are bound to recognize, are insisting upon the motion, notice of which was given to counsel for plaintiff in error prior to any attempt of the latter to file and serve brief.

The motion of plaintiff to file briefs at this time must be denied, and the motion to dismiss sustained. The proceedings in error herein will accordingly be dismissed.

<em>Dismissed.</em>

Corn, J., and Knight, J., concur.