## WILHELM v. STATE.

APPEAL AND ERROR—FAILURE TO SERVE BRIEFS UPON ATTORNEY GENERAL IN CRIMINAL CASES—INSUFFICIENT EXCUSE—DISMISSAL.

1. A proceeding in error in a criminal case will be dismissed for failure to serve the brief of plaintiff in error upon the Attorney General as required by the rules of the court; the Attorney General representing the State in this court, and the statute requiring him to be served with summons in error.

2. That the failure to serve the Attorney General with the brief of plaintiff in error in a criminal case was caused through the inadvertence and mistake of counsel, and not from wilful neglect, is not sufficient excuse to avoid the penalty of dismissal.

[Decided August 1, 1905.]                    (81 Pac., 882.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

Heard on motion to dismiss. The facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

*William E. Mullen,* Attorney General, for the State.

POTTER, CHIEF JUSTICE.

This cause was heard upon the motion of the Attorney General to dismiss on the ground that he had not been served with the brief of plaintiff in error. The motion was filed June 26, 1905.

Although the petition in error in this cause was filed July 14, 1904, and the summons in error, which was served upon the Attorney General, was issued February 18, 1905, it is conceded that the time had long since elapsed before the filing of the motion for the service of briefs on behalf of plaintiff in error, and that none had been served upon the Attorney General, as required by the rules of this court.

This is a criminal case, in which the Attorney General is required to represent the State in this court. (R. S. 1899, Sec. 99.) Summons in error in such cases is required to be served upon the Attorney General as well as upon the prosecuting officer of the proper county. (R. S., Sec. 5423, as amended by Laws 1901, Chap. 63, Sec. 2.) And the rules of this court require that in all causes where the state is a party counsel shall serve copy of their brief upon the Attorney General. (Rule 16.)

It appears that plaintiff in error filed the required number of copies of his brief with the clerk of this court September 24, 1904, and that a copy thereof was served upon the County and Prosecuting Attorney of Uinta County, where the defendant had been tried and convicted, September 22, 1904. That officer's written acknowledgment of service does not indicate that he assumed to accept the brief for the Attorney General; but the counsel for plaintiff in error states in his affidavit, filed in opposition to the motion, that the County and Prosecuting Attorney accepted

service of the brief believing that he had a legal right to do so for the Attorney General. Not only is it conceded that a copy of the brief was not served upon the Attorney General at any time, but it is not shown that the copy served upon the Prosecuting Attorney ever came into the hands of the Attorney General, even if that, had it occurred, might have been considered a proper service.

Counsel states in his affidavit that the failure to serve the Attorney General with a copy of the brief was not the result of wilful neglect, but of inadvertence and mistake of counsel. That is the only excuse offered for failure to comply with the rule. It is clearly insufficient to escape the penalty of dismissal which the rules provide. (Cook v. So. Omaha National Bank, 79 Pac., 18; Robertson v. Shorow, 10 Wyo., 368 (69 Pac., 1); Cronkhite v. Bothwell, 3 Wyo., 739 (31 Pac., 400.) The motion will be granted and the cause dismissed.

DISTRICT JUDGES SCOTT and PARMELEE concur.

(MR. JUSTICE BEARD having been of counsel on the trial of the cause in the court below and MR. JUSTICE VAN ORSDEL having been the Attorney General upon whom the summons in error was served, announced respectively their disqualification to sit in this cause, and District Judges Richard H. Scott of the First Judicial District and Carroll H. Parmelee of the Fourth District were called to sit in their stead.)