## MORRIS v. STATE
(No. 1518; September 25, 1928; 270 Pac. 415)

*Thomas M. Hyde* and *C. A. Zaring*, for plaintiffs in error.

*W. O. Wilson,* Attorney General, and *John Dillon,* Special Attorney General for defendant in error.

RINER, Justice.

This case is before the court upon proceedings in error instituted by the plaintiff in error Lee Morris, to review his conviction of the crime of statutory rape in the District Court of Big Horn County. After the jury's verdict had been received, Morris filed a motion for a new trial, supported by affidavits. This was, by the court, overruled. The only error assigned and argued for our consideration is that ruling. The evidence in the case is not here, the bill of exceptions containing merely the verdict of the jury, the judgment of the court thereon, the motion for a new trial and the supporting affidavits, the proceedings had in connection with the hearing of the motion and the order of the court disposing of it, together with the necessary exceptions taken to such order.

The motion for a new trial is based solely upon alleged misconduct of the jury while in the jury room. The motion charges that one of the jurors "while said jury was deliberating on their verdict in the jury room on the forenoon of March 16, 1927, made the following statements, in substance, to and in the presence of all of the said jurors: 'I have been offered One Hundred ($100.00) Dollars by them (meaning the defendant or someone in his behalf) if I will hang the jury;' " that the statement was made to influence the jury to return a verdict against Morris. The motion also alleges misconduct on the part of the juror who made the statement aforesaid in that he "was biased and prejudiced against the defendant prior to the time that he was chosen as a juror." The affidavits of a number of the jurors were presented to the court in support of the first ground of the motion. All of the affidavits, in substance, aver that the statement above detailed was made, as charged. Some of the jurors depose either that they were influenced as to their ver-

dict by the statement or that they believe it influenced some of the other jurors in that respect. The second ground of the motion was supported by the affidavit of one Woodruff Gwynn, wherein it was stated that affiant had conversed with the juror above referred to on the day after the trial had been concluded and the jury discharged, and the juror had displayed intense prejudice against Morris and had said: "When I found out that he (meaning Lee Morris) was charged with rape on that half-witted girl I was for convicting the Son of a B, and when I went into the jury room I told the jury that I would stick until hell froze over in order to convict him." No evidence or affidavits on the part of the State were presented controverting those offered in support of the motion.

In The Pullman Company v. Finley, 20 Wyo. 456, 125 Pac. 380, where this court had under consideration error assigned because the trial court had overruled a motion for a new trial on the ground, among others, of alleged misconduct on the part of the jury, it being asserted that a quotient verdict had been rendered, and the affidavits of two of the jurors were presented to establish this, it was said:

"It was expressly held by this court in Bunce v. McMahon, 6 Wyo. 24, 41, 42 Pac. 23, that the affidavit of jurors can not be received to impeach their verdict. It was in effect so held in Gustavenson v. State, 10 Wyo. 300, 68 Pac. 1006. That being the settled rule in this state the affidavit of the jurors relied upon by the defendant could not be received and considered by the trial court to impeach their verdict on the ground of their misconduct. They were not competent proof of the facts therein deposed to, and the court properly refused to grant a new trial upon this ground."

Neither this decision nor the other cases from this court mentioned in the quoted excerpt appear to have been discussed or distinguished by plaintiff in error as regards the

case at bar. Logically, they would seem to dispose of the first ground of his motion for a new trial adversely to his contention thereon. See also McDonald v. Pless, 238 U. S. 264, 35 Sup. Ct. Rep. 783, 59 L. Ed. 1300, and the cases of Stout v. United States, (C. C. A.) 227 Fed. 799, at 804; (certiorari denied, 241 U. S. 664, 36 Sup. Ct. Rep. 549, 60 L. Ed. 1227), and Stewart v. United States, (C. C. A.) 300 Fed. 769, at 788, illustrating the application and interpretation of the rule of the Federal Supreme Court by the lower courts of the federal system. The point is very fully reviewed also in Keith v. State, 7 Okla. Crim. Rep. 156, 123 Pac. 172. A recent case to the same effect is State v. Guillory, 163 La. 98, 11 So. 612.

There is yet another reason which conclusively disposes of that part of the motion for a new trial, just discussed, against plaintiff in error. There is no showing in the record now before us that the plaintiff in error was not connected in any way with the juror's alleged misconduct. This requirement is, we think, imperative. In State v. Wilson, 42 Wash. 56, 84 Pac. 409, 7 Ann. Cas. 418, where the facts were somewhat similar to those shown here, the court said in the course of its opinion:

"Respondent further urges that the accused should not have been heard to ask for a new trial on the ground of misconduct of the jury, as alleged, until they had at least disclaimed any connection with, or knowledge of, the alleged attempted bribery. The showing made in behalf of accused expressly states that the statement made in the jury room as to attempted bribery charged that it was in the interest of the accused. There is, however, no statement that any such attempted bribery, if there was such, was without the knowledge, consent, authority, or connivance of the accused. The criticised conduct of the jury was directly traceable to the charge that there was an attempted bribery in behalf of the accused, and before the latter should have been permitted to take advantage of such a situation upon motion for new trial, they should at least have submitted their own sworn statement that they were in no way connected with the alleged facts and cir-

cumstances which led to the conduct of the jury. It is generally held that, where prejudice has resulted to an unsuccessful party from the misconduct of the jury, he is entitled to have the verdict set aside, provided he was not concerned in such misconduct. 12 Encyc. of Pl. and Pr. 549, and cases cited. One must show innocence and want of timely knowledge of the circumstances attending the alleged misconduct to entitle him to relief. Cogswell v. State, 49 Ga. 103; State v. Nash, 45 La. Ann. 1137, 13 So. Rep. 732, 734; Clough v. State, 7 Neb. 320. If the complaining party participates in the misconduct, relief by new trial will not be granted. U. S. v. Salentine, 8 Bliss. (U. S.) 404, 27 Fed. Cas. No. 16,213.''

Relative to the second ground of the motion, it will be found that in Gustavenson v. State, 10 Wyo. 300, 68 Pac. 1006, this court used this language:

''It is the well established rule of law that the testimony of a juror cannot be received to impeach the verdict in which he has concurred, and that, for stronger reasons, his unsworn statements repeated as hearsay in the affidavit of a third person must be rejected. (28 A. & E. Ency. of Law, 273.)''

The ruling thus announced is decisive against the plaintiff in error as to this matter also. See 27 R. C. L. 899.

Finding no error in the trial court's ruling, the judgment should be and it is affirmed.

*Affirmed.*

Blume, C. J., and Kimball, J., concur.

Blume, Chief Justice.

I doubt the wisdom of the strict rule that affidavits or testimony of jurors in relation to what took place in the jury room can never be used to impeach their verdict, and I think the juster rule is that laid down by Mr. Justice Brewer in Perry v. Bailey, 12 Kan. 539. But the law on this point is well settled by previous decisions of this court, and it is better that any modification thereof, if deemed advisable, should be made by the legislature.