## THAYER v. STATE

(No. 2131; October 30, 1939; 95 Pac. (2d) 80)

For the defendant in error, the motion was sub-

mitted on the brief of *Ewing T. Kerr,* Attorney General; *Harold I. Bacheller,* Deputy Attorney General; and *Arthur Kline,* Assistant Attorney General.

There was no appearance for plaintiff in error on the motion to dismiss.

RINER, Chief Justice.

This cause is before this court upon a motion of the Attorney General to dismiss, based upon stated grounds, as follows:

"1   That the record on file in this Court does not contain a bill of exceptions and therefore, matters complained of by the plaintiff in error are not before and cannot be considered by this Court.

"2   That the plaintiff in error has failed to file

herein and to serve upon the defendant in error an abstract of the record of said cause as provided by Rule 37 of this Honorable Court, adopted September 30, 1930, effective January 30, 1931.

"3 That the plaintiff in error failed to serve his brief upon the Attorney General of the State of Wyoming, or on the County and Prosecuting Attorney within and for the County of Park, State of Wyoming, within a period of sixty days from and after the filing of the petition in error in this Court."

We are obliged to conclude that the motion must prevail. An inspection of the papers on file in the case establishes that there is no bill of exceptions herein, and, as stated in the petition in error, the review proceedings were "taken solely upon the proposition that the trial court erred in overruling" the motion of plaintiff in error for a new trial. No abstract at all of the record seems to have been prepared and served, as required by Rule 37 of this Court, and there appears to be no proof of service of the brief of plaintiff in error upon the Attorney General. No excuses concerning or efforts to correct these omissions are tendered. Under these circumstances, principles of practice enunciated by former decisions of this Court require the action by us as already indicated. See Morgan v. State, 26 Wyo. 212, 213, 181 P. 598; Fitzpatrick v. Rogan, 27 Wyo. 388, 390, 391, 197 P. 565, and cases cited, holding that "alleged error in overruling a new trial motion can be reviewed only when the motion is included in the bill of exceptions" as regards proceedings in error, the method of review adopted in the instant case.

As to the operation of Rule 37, aforesaid, see Simpson v. Occidental Building & Loan Association, 45 Wyo. 425, 19 P. (2d) 958. Relative to the third ground of the motion see Rules of this Court numbered 15, 16, and 21; State v. Kelly, 33 Wyo. 420, 240 P. 207; Wilhelm v. State, 13 Wyo. 511, 81 P. 882; State v. DeWald, 50 Wyo. 39, 57 P. (2d) 685, and other cases appearing

in the reported decisions of this Court in connection therewith, which are so numerous that counsel should have no difficulty in finding them.

Additionally, an examination of the brief of plaintiff in error reveals that the error urged upon us under the motion for a new trial, even if we were permitted to consider it, is that of alleged misconduct on the part of the jury which rendered the verdict in the court below and which is attempted to be established by means of the affidavit of a juryman and by the affidavit of counsel as to hearsay statements relative thereto. Under the former decisions of this court we would be obliged to rule adversely to this contention. See Morris v. State. 39 Wyo. 157, 270 P. 415, and cases cited; State v. Parker, 44 Wyo. 478, 485, 486, 13 P. (2d) 641; Marcante et al. v. Hein, 51 Wyo. 389, 401, 67 P. (2d) 196.

*Dismissed.*

KIMBALL and BLUME, JJ., concur.