## SHEEHAN v. FIRST MACY DITCH COMPANY.

APPEAL AND ERROR—DISMISSAL—BRIEFS.

1. The time for filing and serving briefs by plaintiff in error having been extended by order, a failure to file and serve briefs within the time allowed by such order is cause for dismissal.

[Decided October 20, 1903.]                    (73 Pac., 964.)

ERROR to the District Court, Carbon County, HON. DAVID H. CRAIG, Judge.

Motion to dismiss for failure of plaintiff in error to file and serve briefs.

*Fishback & Williams,* for plaintiff in error.

*McMicken & Blydenburgh,* for defendant in error.

PER CURIAM.

The petition in error was filed May 26, 1902. Stipulations were filed and orders thereon made extending time for filing and serving briefs. The last stipulation was dated November 22, 1902, and allowed the plaintiff in error thirty days from that date within which to file briefs on her behalf. Briefs purporting to be for plaintiff in error, but unsigned by the party or her attorneys, were filed December 23, 1902, one day after the expiration of the time allowed; but there is nothing on the files to show service of the brief upon the defendant in error.

Defendant in error moves a dismissal of the proceedings under Rule 21 for the failure of plaintiff in error to file and serve briefs as required by the rules. The motion is supported by affidavits showing that no brief has been served upon the defendant in error or its attorneys. No showing to the contrary is made. The motion was filed October 2, 1903. Hence it appears that not only were the briefs filed in this court after the expiration of the time allowed under

the various extensions, but, although several months have elapsed since then, no service of brief has been made upon the opposing party, as required by the rules of court. There is, therefore, nothing for the court to do but dismiss the cause. (Cronkhite v. Bothwell, 3 Wyo., 739; Robertson v. Shorow, 10 Wyo., 368, 69 Pac,. 1.)

The cause is accordingly dismissed.