## COOK v. SOUTH OMAHA NATIONAL BANK.

APPEAL AND ERROR—FAILURE TO FILE BRIEFS—INSUFFICIENT SHOWING TO AVOID DISMISSAL.

1. Plaintiff in error having failed to file or serve briefs within the time allowed by the rules, or to apply for and obtain an extension before the expiration of the time regularly allowed, defendant in error moved to dismiss on that ground. After such motion had been called to the court's attention, and a day fixed for a hearing, plaintiff in error presented a motion for extension of time to file his briefs. The showing made is examined and held insufficient to excuse the delay in applying for extension, or to avoid a dismissal.

[Decided December 31, 1904.]                    (79 Pac., 18.)

ERROR to the District Court, Sheridan County, HON. JOSEPH L. STOTTS, Judge.

Heard on motion of defendant in error to dismiss, and on motion of plaintiff in error for extension of time to file briefs.

*W. S. Metz* and *C. L. Sackett,* for plaintiff in error.

*E. E. Lonabaugh,* for defendant in error, cited, in support of the motion to dismiss, Bank v. Anderson, 5 Wyo., 518; Cronkhite v. Bothwell, 3 Wyo., 739; Robertson v. Shorow, 10 Wyo., 368.

PER CURIAM.

The petition in error herein was filed July 22, 1904. No briefs for plaintiff in error having been filed within sixty days thereafter, as required by the rules of the court, and no order having been made extending the time therefor, the defendant in error, on September 22, 1904, and after the expiration of the period allowed plaintiff in error for filing briefs, filed a motion to dismiss the proceeding on the ground of the failure of plaintiff in error to file and serve briefs as required by the rules.

After the motion had been brought to the attention of the court, and a time had been regularly fixed for a hearing thereon, counsel for plaintiff in error, on December 1, 1904, filed and presented a motion for an extension of time to file briefs. The only showing made as ground therefor is that at some time not specified, but evidently before the filing of the petition in error, counsel had handed to the attorney for defendant in error a list of authorities bearing on the questions involved in the cause, which was the only copy that had been prepared and in the possession of counsel for plaintiff in error; and that upon making request for a return for such list some time about the middle of the month of September, 1904, opposing counsel claimed to have forgotten the matter, and upon search for the list had been unable to find the same, but agreed to continue the search for the paper; and that about the same time each of the counsel for plaintiff in error was nominated as a candidate for office at the then ensuing election, and thereafter they were too busily engaged in other matters to prepare the brief. No explanation of the delay in attending to the matter prior to September is given; nor does there appear in the explanation made of the delay any sufficient reason for the failure to apply for and obtain an extension of time before the time regularly allowed had expired.

Counsel for defendant in error have filed counter affidavits. The facts do not show such an unavoidable casualty or overwhelming necessity as would justify a disregard of the rules. (Cronkhite v. Bothwell, 3 Wyo., 739; Robertson v. Shorow & Co., 10 Wyo., 368.)

If it clearly appeared that the delay and default was due to the fault of defendant in error or its counsel, a different ruling might be justified.

The motion to dismiss must be granted, and the proceeding in error will accordingly be dismissed.