## SMALL v. JOHNSON COUNTY SAVINGS BANK.

APPEAL AND ERROR—BRIEFS—DELAY IN FILING—INSUFFICIENT EXCUSE—DISMISSAL.

1. That counsel for plaintiff in error, who had completed his brief two days before the expiration of the time for filing and serving same, was unable to find opposing counsel at their office to serve them with a copy until the last day is not a sufficient excuse to avoid dismissal under the rule for a failure to file the brief within the prescribed time.

2. The failure of plaintiff in error to either file or serve his brief within the time required by the rules is a ground for dismissal upon motion of defendant in error. (Rule 21.)

[Decided November 12, 1907.]        (92 Pac., 289.)

ERROR to the District Court, Sheridan County, HON. CARROLL H. PARMELEE, Judge.

Heard on motion to dismiss for failure of plaintiff in error to file his brief within the time prescribed by the rules of court.

*M. B. Camplin,* for plaintiff in error, argued and contended that the defendant in error is not prejudiced by the failure to file the brief in time, since its counsel was served with a copy within the prescribed period; and that the rule provides for dismissal on this ground only where there is a failure to both file and serve brief. That no inconvenience or prejudice to the opposing party appearing, the delay should not cause a dismissal. (Citing 3 Ency. Pl. & Pr., 710-11, 731; 18 id., 1262-67; Const., Art. V, Sec. 18; Kennedy v. Kennedy, 18 N. J. L., 51; Logan v. Richards, 14 Mont., 334; Steele v. Haynes, 20 Neb., 316; Dyer v. Dement, 37 Tex., 431; Fowler v. Strawberry Hill, 74 Ia., 644; Cox v. Forest City, 66 Ia., 289; Kellam v. McAlpine, 63 Ia., 521; Barbour v. Flick (Cal.), 53 Pac., 927; Farleigh v. Kelly (Mont.), 62 Pac., 495; 33 Pac., 537 (Ore.); 26 Pac., 755 (Wash.); Peak v. Howald, 30 Kan., 27; Hadley v. Hill, 73 Ind., 442; Wagner v. Portland, 60 Pac., 985; Ry. Co. v. Illig, 20 Mo. App., 327; Conklin v. Cameron, 3 Okla., 525; Clark v. Mfg. Co., 8 S. C., 22; Shanks v. Carroll, 50 Tex., 17; Lively v. Pier, 9 Wash., 658; Ry. Co. v. Cole, 26 Pac., 535; Benn v. Chehalis Co., 10 Wash., 294; Water Works v. Peralta, 42 Pac., 239; Loan Co. v. Tascott, 28 N. E., 801 (Ill.); Neppach v. Jones, 28 Ore., 286; Bank v. McKinney, 1 S. D., 78; Owens v. Going, 22 Pac., 768; Smith v. Wingard, 13 Pac., 903; Esterby v. Napa, 8 Pac., 600; Roomine v. Cralle, 27 Pac., 20; Giachetta v. Marguam, 33 Pac., 537; Gustin v. Jose, 38 Pac., 1008; Bank v. Griggitts, 50 Pac., 591; Carly v. Case, 38 Pac., 880; 65 Pac., 793; Gay v. Mayor, 67 Pac., 88; Raymond v. Bales, id., 279; Moynahan v. Perkins (Colo.), 68 Pac., 1062; Johnson v. Pack Co. (Wash.), 70 Pac.,

254; Chapin v. City, 72 Pac., 117; Wood v. Fisk (Ore.), 77 Pac., 128; Lumber Co. v. Cole, 26 Pac., 555; 70 Pac., 214.)

*Burgess & Kutcher,* for defendant in error, contended for dismissal, citing: Cronkhite v. Bothwell, 3 Wyo., 739; Bank v. Anderson, 6 Wyo., 518; Robertson v. Shorow, 10 Wyo., 368; Sheehan v. Ditch Co., 12 Wyo., 176; Cook v. Bank, 13 Wyo., 187.

BEARD, JUSTICE.

The defendant in error has filed a motion to dismiss the proceedings in error for the reason that plaintiff in error has failed to comply with rule 15 of this court relative to the time of filing briefs.

That rule provides that within sixty days after filing his petition in error, the plaintiff in error shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief. By rule 20 it is provided that by consent of parties, or for good cause shown before the expiration of the time allowed, the court or a justice thereof in vacation may extend the time for filing briefs. And by rule 21 it is provided that when the plaintiff in error or party holding the affirmative has failed to file and serve his brief as required by these rules, the defendant in error or party holding the negative may have the cause dismissed, or may submit it, with or without oral argument.

The petition in error in this case was filed May 31, 1907, and on August 1, 1907, plaintiff in error filed a brief. This brief, under the rule, should have been filed not later than July 30, 1907. The motion to dismiss was filed August 19, 1907. It appears by the affidavit of the attorney for plaintiff in error, filed in resistance of the motion to dismiss, that he completed his brief on July 28, 1907, and on the following day went to the office of the attorneys for defendant in error for the purpose of serving them with

a copy of the same, but did not find either of them in their office. That on the next day, July 30, he again called at the office of said attorneys and served them with a copy of his brief, the receipt of which they acknowledged in writing on one of the copies, which copy and three others were then on the same day, July 30, mailed to the clerk of this court. As stated in the affidavit, and as appears from the record, the four copies of the brief were received and filed by the clerk on August 1, 1907. No application was made to the court or to a justice thereof for an extension of time for filing briefs, before the time for filing under the rule had expired or at any time. No excuse is presented why the brief was not completed and filed in time, other than above stated. The rule does not require that service of the brief be made before it is filed. Service can be made after as well as before filing, provided it is made in time. These rules have been in existence for a long time and have been published in the volume containing the Revised Statutes of 1899 and in Vol. 10 of the Wyoming Reports, as well as in pamphlet form, and are familiar to the profession. They have also been construed and applied in a number of cases by this court. They have the force of a statute and have been held to be binding upon the court, counsel and parties. (Cronkhite v. Bothwell, 3 Wyo., 739; Robertson v. Shorow & Co., 10 Wyo., 368; Sheehan v. First Macy Ditch Co., 12 Wyo., 176; Cook v. South Omaha National Bank, 13 Wyo., 187.) In each of the above cited cases the proceedings in error were dismissed on motion of the defendant in error for a failure to comply with the rule. The excuses presented in those cases for the failure to comply with the rule were in each case much stronger than those here presented, but were held insufficient. In a recent case in this court a motion by plaintiff in error for an extension of time for filing a brief after the time for so doing had expired was sustained, over the objection of defendant in error, on the ground of unavoidable casualty upon a very strong and clear showing

(5)

that the delay was caused by the serious illness of the sole counsel for plaintiff in error of which the party had no knowledge until after the time had expired. In that case there was no motion to dismiss, and it was held that even in the absence of such a motion, the power of the court to extend the time should be sparingly exercised, and only in extreme cases to prevent an apparent injustice. (Phillips v. Brill, 90 Pac., 443; 15 Wyo., 521.)

It is contended by counsel for plaintiff in error, that as the brief was served upon counsel for defendant in error in time, the rule was substantially complied with and that the filing is solely for the convenience of the court. But we think the rule clearly requires both the serving and filing within the sixty days. A party might serve his brief and then conclude to proceed no further and thus put his opponent to the expense of preparing and filing his brief to no purpose. Under the rule the defendant in error has forty-five days after the expiration of the sixty days, given to the plaintiff in error, within which to serve and file his brief, and the case does not go upon the trial docket for submission on the merits until after that time. If the convenience of the court was the only purpose of the rule, the court would not be inconvenienced by the delay. The remaining contention of counsel for plaintiff in error, that rule 21 applies only where there is both a failure to serve *and* file the brief, cannot be sustained by any reasonable construction of these rules. Rule 15 requires both, and a failure to comply with that rule entitles the defendant in error on his motion to a dismissal.

The motion of the defendant in error to dismiss the proceedings in error will be sustained and the proceedings in error dismissed.                    *Dismissed.*

POTTER, C. J., and SCOTT, J., concur.