## GRIPPEN v. STATE.
### (No. 693.)

CRIMINAL LAW—APPEAL AND ERROR—BRIEFS—FAILURE TO FILE IN TIME—WAIVER—DISMISSAL—RULES OF COURT.

1. Where briefs for the plaintiff in error are not filed or served within the time required by the rules, and no application for extension of time has been made or obtained, and no sufficient excuse for the failure to make such application or to file the briefs within the required time has been presented, the proceeding in error must, upon motion of the adverse party, be dismissed.

### ON PETITION FOR REHEARING.

2. A proceeding in error to review a conviction in a criminal case is properly dismissed where the rule requiring the plaintiff in error to serve his briefs within 60 days after filing the petition in error was not complied with, but more than six months was allowed to elapse between the filing of the petition in error and the filing and service of the briefs, and the briefs were not filed or served until about five months after the original papers, including the bill of exceptions and the transcript of the journal entries, had been filed, and no order was made or applied for extending the time for filing and serving such briefs.

3. Since timely application for an extension of time to file briefs is a proper remedy and such extension can be granted if the bill of exceptions is incomplete, or cannot be procured or filed before the expiration of the time for filing briefs,

it is not a reasonable excuse for the failure to comply with the rule as to the time for filing briefs, that the bill of exceptions was incomplete and upon application of plaintiff in error was ordered withdrawn for the purpose of correction.

4. By merely accepting service of a brief of plaintiff in error in a criminal case the Attorney General does not waive the failure to file and serve such brief within the time required by the rules of court.

5. The failure of plaintiff in error in a criminal case to file and serve his brief within the time required by the rules of court is not waived by the Attorney General in moving to dismiss the proceeding in error on the grounds that the bill of exceptions was insufficient, in that it did not purport to contain all the evidence.

6. The fact that a motion to dismiss a proceeding in error in a criminal case was not filed until after the filing of the briefs of the plaintiff in error is not a waiver of the non-compliance of the plaintiff in error with the rules of the court as to the time for filing and serving briefs, and is not sufficient to justify a denial of the motion to dismiss.

7. Reasonable rules of procedure in appellate courts as well as in courts of original jurisdiction are not unconstitutional but are necessary to avoid unreasonable delays, as well as for the purpose of an orderly and intelligent presentation of a case for determination.

[Decided July 8, 1912.]      (124 Pac. 764.)
[Rehearing denied December 9, 1912.]     (128 Pac. 622.)

Error to the District Court, Weston County; Hon. C. H. Parmelee, Judge.

Charles A. Grippen was charged with a felony and convicted, and brought the case to the Supreme Court on error. Heard on motion to dismiss. The material facts are stated in the opinions.

*David A. Fakler, Allen G. Fisher* and *William P. Rooney*, for plaintiff in error, contended on petition for rehearing that the attorney general had accepted service of a copy of the brief of plaintiff in error, and thereby waived the delay in filing the same, and also waived the failure to comply with the rules in that respect by the filing of a motion to dismiss

the proceeding in error upon the ground that the bill of exceptions was incomplete. Counsel also contended that under the Constitution everyone is entitled to a resort to all the courts of the state without denial, and that a plaintiff in error in a criminal case should not be denied the right to have the record examined and his brief considered when the latter has been filed without objection previous to the service of notice of the filing of a motion to dismiss And further that a brief is not due until a record is complete or agreed upon, and that the rigid enforcement of the rule for dismissal in a felony case, where there has been a failure to file briefs in time, is too severe.

*D. A. Preston,* Attorney General, for the state.

POTTER, JUSTICE.

The petition in error in this case was filed August 31, 1911. The journal entries and the original papers, with the exception of the bill of exceptions, were filed October 10, 1911. The bill of exceptions was filed October 28, 1911. The brief of plaintiff in error was not filed until March 18, 1912, and the attorney general, for the state, has moved for a dismissal of the proceedings in error, one of the grounds of said motion being that the brief of the plaintiff in error was not filed within the time required by the rules of this court. The cause has been heard upon that motion.

Rule 15 provides that "within sixty days after filing his petition in error, the plaintiff in error in both civil and criminal causes shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief. Rule 16 provides that in all causes, both criminal and civil, in which the state is a party, counsel shall also serve a copy of their brief upon the attorney general. Rule 21 (104 Pac. xiv) provides: "When the plaintiff in error or party holding the affirmative has failed to file and serve his brief as required by these rules, the defendant in error or party holding the negative may have the cause dis-

missed, or may submit it, with or without oral argument."
Rule 20 (104 Pac. xiv) provides for an extension of time
for filing briefs, and that "by consent of parties, or for good
cause shown before the expiration of the time allowed, the
court or a justice thereof in vacation may extend the time
for filing briefs." No application was made in this case for
an extension of time for filing the brief of plaintiff in error.
On March 9, 1912, the plaintiff in error, by his counsel,
filed a motion in this court for an order directing the return
of the bill of exceptions to the trial court for correction, it
being stated in the affidavit filed in support of the motion
that certain books in the possession of the official court
stenographer had been omitted from the bill, and that coun-
sel upon presenting the bill to the trial court had under-
stood that said books would be produced by the stenog-
rapher and incorporated in the bill. Upon that motion an
order was made directing the return of the bill, and it was
so returned. On March 26, 1912, it was again received by
the clerk of this court, together with a certified copy of an
order of the district court denying the application made in
that court for an amendment to the bill, and reciting with
reference to the alleged omitted books that when the bill of
exceptions was presented to the court on September 4, 1911,
the books, exhibits, and copies sought to be incorporated in
the bill were not then attached thereto or presented to the
court to be incorporated therein or identified, and that no
application was then made to withdraw the bill for the pur-
pose of incorporating such books, exhibits or copies therein,
but that such application was made for the first time in the
district court after the return of the bill from this court.

Counsel for plaintiff in error urges as the only justifica-
tion for the failure to file and serve their briefs within the
time required by the rules that they understood that the
filing and service of such briefs before the presentation of
a ruling upon the motion to return the bill of exceptions for
correction would waive their right to the assistance of this
court in obtaining a correction or amendment of the bill.

Inasmuch as it was stated in the affidavit of counsel filed in support of the motion to return the bill for correction that they did not learn of the alleged omission from the bill until January 20, 1912, before which date the time for filing and serving briefs had expired, the ground now urged as an excuse for the failure to file and serve such briefs would not seem to be sustained by the facts appearing by the record. But however that may be, if counsel were of the opinion that by filing and serving their briefs they would waive their right to have the bill amended or returned for amendment, they might have applied for an extension of time for filing briefs before the time therefor had expired, and it was within the power of this court, which has been many times exercised, to protect the party by such extensions as might seem necessary or proper. (See Richardson v. State, 15 Wyo. 465, 89 Pac. 1027, 12 Ann. Cas. 1048.) No application for extension of time to file and serve briefs having been made or obtained, and no sufficient excuse for the failure to make such application or to file the briefs within the time required by the rules, there is nothing to do but to dismiss the proceeding in error. It will be so ordered.

BEARD, C. J., and SCOTT, J., concur.

### ON PETITION FOR REHEARING.

POTTER, JUSTICE.

The proceeding in error in this case was ordered dismissed on motion of the Attorney General for the failure of the plaintiff in error to file and serve briefs within the time required by the rules of this court. Counsel for plaintiff in error have filed a petition for rehearing. The facts upon which the motion was decided are stated in the former opinion. (124 Pac. 764.) Notwithstanding the rule of court requiring the plaintiff in error in both civil and criminal causes to file and serve his briefs within sixty days after filing his petition in error, more than six months was allowed to intervene between the time of filing the petition in error in this cause and the filing and serving of the briefs

of plaintiff in error, and such briefs were not filed or served until nearly five months after the original papers, including the bill of exceptions, and the transcript of the journal entries had been filed. No order was made extending the time for filing and serving briefs, nor was any application made for such an order, although ample provision therefor is made by the rules. On March 9, 1912, more than four months after the bill of exceptions was filed, a motion was filed in this court for the correction of the bill by having incorporated therein or identified as part thereof certain books of account that had been introduced in evidence upon the trial of the cause and referred to and marked as exhibits, the bill showing that such exhibits were not embraced therein. Upon the showing made by the affidavit of the leading counsel for plaintiff in error as to his understanding when the bill was presented to the trial judge that those exhibits were to be attached to or identified as a part of the bill before the allowance and signing of the same, the bill was ordered returned to the trial court for the purpose of allowing counsel to take such proceedings as might be deemed necessary or proper to have it amended or corrected so as to show such exhibits. It was subsequently returned to this court with a certified copy of an order of the trial court denying the motion and application of the plaintiff in error to amend or correct the bill, it being recited in such order that the exhibits aforesaid were not in the bill when the same was presented on the 4th day of September, 1911, nor then presented to the court to be incorporated in or identified as part of the bill, and that no application was then made for the withdrawal of the bill for the purpose of such incorporation or identification, but that such application was for the first time brought to the attention of said court after the return of the bill from this court, and that no good cause had been shown for the delay in making such application.

Although it was argued by counsel for plaintiff in error, and stated in the motion filed March 9, 1912, that the brief

had been printed and was ready for filing, but that it was not then filed for the reason that counsel understood that filing and serving briefs would waive the right to apply for a correction of the bill, yet it appeared by the motion that counsel discovered the condition of the bill on the 20th day of January, 1912. And in view of the facts found by the trial court as to the presentation of the bill, no good cause was or is shown, even if that would be material in the interest of the plaintiff in error, for the failure of counsel to know the condition of the bill when it was signed and filed in the trial court, viz: September 4, 1911, or on October 28, 1911, when it was filed in this court. But, as indicated in the former opinion, if there existed any good reason for delay in filing and serving briefs, counsel might have applied for, and doubtless would have obtained, an order extending the time. If the court should in this case, upon the facts and the showing made, overlook or excuse the violation of the rules respecting the filing and serving of briefs, it would amount to a declaration that such rules need not be observed by any party and are not to be enforced, and it would result in greatly delaying the business of the court and the administration of justice both in civil and criminal causes.

In the brief filed in support of the petition for rehearing it is argued that a brief is not due until the record is complete or agreed upon. That is not the effect of any statute regulating appellate procedure in this court, nor of any rule of the court. It is the duty of counsel representing a plaintiff in error to prepare and present to the trial court a proper bill of exceptions if one is necessary, and if the bill is incomplete or cannot be procured or filed before the expiration of the time for filing briefs, without fault on the part of plaintiff in error or his counsel, he can be protected by a timely application for an extension of time upon a proper showing, where the appellate proceeding has been commenced in this court. It is also argued that by accepting service of the brief of plaintiff in error the Attorney

General waived the failure to file and serve the same within the time required by the rules. There is nothing in the record showing such acceptance of the brief. But merely accepting or acknowledging service of the brief would not constitute such a waiver. Its only effect would be to render proof of service unnecessary. Nor can the further point made be sustained that the failure to file and serve briefs in time was waived by stating in the motion to dismiss as one of the grounds thereof that the bill of exceptions was insufficient for the reason that it does not purport to contain all the evidence. The fact that the motion to dismiss was not filed until after the filing of the briefs is not a waiver of the non-compliance with the rules, and is not sufficient to justify a denial of the motion. (Cronkhite v. Bothwell, 3 Wyo. 739, 31 Pac. 400.)

We have thus considered the additional points made by the petition for rehearing and the brief in support thereof. It is not an agreeable duty of the court to dismiss this or any cause for a failure to comply with the rules of procedure whether such rules are expressly prescribed by statute, or by the court under the authority conferred by statute. The could would much prefer, if that might properly be done, to allow the case to be heard upon its merits. But reasonable rules of procedure in appellate courts as well as in courts of original jurisdiction are not unconstitutional, but are necessary to avoid unreasonable delays, as well as for the purpose of an orderly and intelligent presentation of a cause for determination. Remaining convinced that the motion to dismiss was properly sustained, we perceive no reason to believe that a different result might follow a rehearing, and we therefore feel constrained to deny it. Rehearing denied.

BEARD, C. J., and SCOTT, J., concur.