## FORD v. TOWNSEND ET AL.
### (No. 783.)

Appeal and Error—Briefs—Failure to Serve—Dismissal.

1. That counsel, when filing the required number of copies of the brief of plaintiff in error, left with the Clerk another copy which he intended to request the Clerk to mail to counsel for defendants in error, but through oversight neglected to make such request; is not sufficient excuse for the failure to serve the brief within the time required by the rules to prevent a dismissal of the proceeding in error.

2. It is the duty of the party required to file briefs to see to the service thereof, and it is no part of the duties of the Clerk of the Supreme Court to see that they are served or mailed, especially when he has not been requested to do so.

[Decided October 1, 1914].                    (143 Pac. 356).
[Rehearing Denied December 7, 1914].    (143 Pac. 1199)

ERROR to the District Court, Natrona County; HON. V. J. TIDBALL, Judge.

The action was brought by A. Halbert Ford against Charles H. Townsend and The Stockmen's National Bank, of Casper, Wyoming. From a judgment in favor of the defendants the plaintiff brought error. Heard on motion to dismiss.

*Norton & Hagens,* for defendants in error, in support of motion to dismiss.

The Supreme Court rule providing for dismissal when plaintiff in error has failed to file and serve his brief in time has been strictly enforced. (Cronkhite v. Bothwell, 3 Wyo. 739; Bank of Chadron v. Anderson, 6 Wyo. 518; Robertson v. Shorow, 10 Wyo. 368; Sheehan v. Ditch Co., 12 Wyo. 176; Cook v. Bank, 13 Wyo. 187; Small v. Bank, 16 Wyo. 126; Grippen v. State, 20 Wyo. 486; Lobell v. Stock Oil Co., 132 Pac. 443). Counsel has a right to rely upon the rules.

*A. H. Cobb* and *M. C. Brown,* for plaintiff in error, *contra.* (On petition for rehearing).

Since counsel for plaintiff in error by mere oversight failed to request the clerk to mail to opposing counsel the brief of plaintiff in error when the proper number of copies thereof were filed, following counsel's custom in such cases, it is clear that there was no intent on the part of counsel to transgress a rule of court. To dismiss the proceeding for the failure to serve the brief under such circumstances seems to counsel wholly out of proportion to the neglect. The brief was filed and hence the only neglect was in failing to serve, and so far as we are advised it has not heretofore been held that a failure merely to *serve* brief is sufficient cause for dismissal. The fault being that of counsel the procedure of dismissal seems unjust to the plaintiff in error. The cases in which the rule has been strictly enforced are where there had been a failure both to file and serve briefs. (Cook v. Bank, 13 Wyo. 187;

Cronkhite. v. Bothwell, 3 Wyo. 739; Robertson v. Shorow, 10 Wyo. 368). In Whiting v. Straup, 15 Wyo. 530, there had been neither filing nor service of briefs, but after the time had expired and on motion for an extension the court permitted the filing and service of briefs. A rule of court may be suspended or dispensed with in particular cases. (Phillips v. Brill, 15 Wyo. 521).

BEARD, JUSTICE.

The petition in error in this case was filed February 2, 1914. The brief of plaintiff in error was filed April 3, 1914. On June 9, 1914, defendants in error filed a motion to dismiss the proceedings in error for the reason that no brief on behalf of plaintiff in error had been served upon defendants in error or their attorneys within sixty days after the filing of said petition. Rule 15 (104 Pac. XIII) of this court requires the plaintiff in error to file with the clerk four copies of his brief within sixty days after filing his petition in error, and shall also within that period serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief. And by Rule 21, (104 Pac. XIV) it is provided, that if plaintiff in error has failed to file and serve his brief as required by these rules, the defendant in error may have the cause dismissed. The required number of copies of the brief of plaintiff in error were filed on the last day allowed by the rule; and the excuse for not serving a copy on defendants in error, as stated in an affidavit of counsel, is, that he presented to the clerk five copies of his brief, four of which bear the file mark of April 3, 1914, and the fifth copy he intended to have mailed to defendants in error or their attorneys by the clerk of the court, but by some oversight on his part he failed to request the clerk in mailing the brief to him, to mail the fifth copy to defendants in error; that it was wholly through his mistake and oversight and not from any intention on his part, that the copy of the brief intended for them was not served. It is the duty of the party to see to the service of briefs; and is no part of the duties of the

clerk to see that they are served or mailed, and especially, as in this case, when he was not requested to do so. These rules have been sustained and enforced by this court in a number of cases where the showing of excuse for the failure to file or serve briefs within the time required by the rule was much stronger than in the present case. (Cook v. National Bank, 13 Wyo. 187, 79 Pac. 18; Small v. Savings Bank, 16 Wyo. 126, 92 Pac. 289; Grippen v. State, 20 Wyo. 486, 124 Pac. 764, 128 Pac. 622, in which cases the earlier cases are cited.) Plaintiff in error having failed to show sufficient excuse for the failure to serve the brief within the time required by the rule, and there being no waiver of such failure by defendants in error, the motion will have to be granted and the proceedings in error dismissed. It is so ordered.

*Proceedings in error dismissed.*

POTTER, J., concurs.

SCOTT, C. J., did not participate in the decision.

ON PETITION FOR REHEARING ON MOTION TO DISMISS.

PER CURIAM.

A petition for a rehearing has been filed in this case in which it is urged that the court erred in granting the motion of defendants in error to dismiss the proceedings in error for the failure of plaintiff in error to file and serve his brief within the time required by the rule of this court. It is contended that as the rule provides that the defendant in error may have the proceedings in error dismissed for a failure of plaintiff in error to file and serve his brief within the required time, a dismissal is not authorized unless there is a failure to both *file and serve,* and as the brief in this caes was filed although not served, it was error to grant the motion. That question was decided in Small v. Savings Bank, 16 Wyo. 126, 92 Pac. 289. It was there held that the rule clearly requires both the serving and filing within the sixty days. Following that decision, a rehearing will have to be denied.          *Rehearing denied.*