## PEARCE v. HOLM, CO. TREAS.
## PHELPS v. SAME.
## PHELPS ET AL. v. SAME.

(Nos. 830, 831 and 832; Decided November 22nd, 1915; 152 Pac. 787.)

Appeal and Error—Briefs—Court Rules—Dismissal.

1. The appellate court will not search the record for the purpose of discovering possible errors assigned by petition in error, and where plaintiff in error has failed to comply with Supreme Court rules numbered 14 and 15 with reference to filing briefs, the proceedings will, on motion, be dismissed pursuant to Rule 21.

ERROR to the District Court, Park County; HON. CARROLL H. PARMELEE, Judge.

On motion to dismiss.

*W. L. Walls*, for plaintiffs in error.

*E. E. Enterline*, for defendant in error.

PER CURIAM.

In each of these three cases the petition in error was filed in the office of the clerk of this court January 27, 1915. No brief on behalf of the plaintiff in error in either of the cases has ever been filed, and no extension of time for doing so has been applied for or granted. On October 22, 1915, counsel for defendant in error in each case filed a motion to dismiss the proceedings in error on the ground that plaintiff in error had failed to file his brief within the time required by the rule of this court. Service of a copy of the motion in each case, together with notice that said motions would be submitted to the court on November 16, 1915, was acknowledged in writing by counsel for the respective plaintiffs in error November 10, 1915, and on said November 16, 1915, said motions were submitted to the court. The same question is involved in each case, and they will therefore be considered together. The only reason or excuse for the failure to file briefs within sixty days after filing the petition in error as required by Rule 15, as stated orally in open court by counsel for plaintiffs in error, was that the alleged errors of the district court complained of in each case were sustaining a general demurrer to the petition; sustaining defendant's motion to dissolve a temporary restraining order theretofore issued against defendant; and dismissing the action at plaintiff's costs. The position taken by counsel for plaintiffs in error being that the petition in each case shows on its face a good cause of action, and therefore no brief was required. Rule 14 requires: "Except as otherwise provided in rule nineteen (which relates to actions commenced originally in this court) briefs shall be filed and served in all causes and all briefs shall be

printed or typewritten.  Each brief shall contain a state-
ment of the points and authorities relied upon and shall
refer specifically to the page and portion of the record
where the question under discussion arises."  The ruling
of the trial court is presumed to be correct and this court
is not required to search the record for the purpose of dis-
covering possible errors, but counsel must in his brief
point out the particular matter upon which the alleged er-
roneous ruling was made.  It is not sufficient, to require
consideration by this court, that error has been assigned
in the petition in error.

It is a well settled rule of practice in this court that errors
assigned in the petition in error, but not referred to in the
brief, are waived and will not be considered.  (Boswell,
Admr., v. Bliler, 9 Wyo. 277, 62 Pac. 350;  Phillips v.
Brill, 15 Wyo. 521, 90 Pac. 443;  C. B. & Q. R. R. Co. v.
Lampman, 18 Wyo. 106, 104 Pac. 533, 25 L. R. A. N. S.
217, Ann. Cas. 1912C. 788.)  If errors assigned, but not
referred to in a brief which is filed, are waived and not to
be considered, for the same reason where no brief is filed
there is nothing requiring consideration.  In such case the
defendant in error has the right to assume that the proceed-
ings in error have been abandoned.  By Rule 21 the failure
on part of plaintiff in error to file and serve his brief as
required by the rules gives the defendant in error the right
to have the proceedings dismissed.  That rule has been fre-
quently invoked and sustained.  (Grippen v. State, 20 Wyo.
486, 124 Pac. 764, 128 Pac. 622;  Lobel v. Stock Oil Co., 21
Wyo. 342, 132 Pac. 433;  Small v. Savings Bank, 16 Wyo.
126, 92 Pac. 289.)  Following the decisions in these cases
and others to the same effect, the motion to dismiss the pro-
ceedings in error in each of the three cases will have to be
granted and the proceedings in error in each case dis-
missed;  and it is so ordered.                *Dismissed.*