(October Term, 1937)

IN RE NATIONAL BUILDING & LOAN ASS'N. OF AMERICA
STARLEY, STATE BANK COM'R., ET AL. v. WILDE, STATE EXAMINER.

(No. 2025; November 10, 1937; 71 Pac. (2d) 1113.)

(Rehearing denied January 8th, 1938)

In resistance of the motion to dismiss, there was a brief and oral arguments by *George F. Guy* of Cheyenne, Wyoming, and *Sam D. Thurman* of Salt Lake City, Utah.

On behalf of the respondent, there was a brief and oral argument by *Bard Ferrall* of Cheyenne.

RINER, Justice.

This cause was brought to this court by the direct

appeal method of procedure and the respondent has moved that it be dismissed for failure of appellants to file their brief within the time required by the rules of this court. Rule 15 (42 Wyo. 534) governs the time for filing briefs in cases brought here under procedure of this character by requiring that the appellant therein shall file and serve his brief within sixty days "after the filing in this court of the record on appeal, in both civil and criminal cases". Rule 21 (42 Wyo. 536) fixes the penalty for appellant's failure to obey Rule 15, in this language:

"When the plaintiff in error or party holding the affirmative has failed to file and serve his brief as required by these rules, the defendant in error or party holding the negative may have the cause dismissed, or may submit it, with or without oral argument."

Rule 20 (42 Wyo. 536) provides:

"By consent of parties, or for good cause shown before the expiration of the time allowed, the court or a justice thereof may extend the time for filing briefs."

In the case at bar the record on appeal was filed March 25, 1937. Appellants did not file or serve their brief until May 25, 1937, i. e., not until the 61st day after the record came into the office of the Clerk of this Court. No application at all for an extension of time within which to file the brief was ever made. Counsel for appellants reside one in Cheyenne and the others in Salt Lake City, Utah.

. As excuse for this failure to comply with our rules appellants submit by affidavit certain facts material to be considered, which summarized are as follows: That said record on appeal was filed inadvertently on March 25, 1937, rather than on March 26, 1937, through the action of the stenographer of Cheyenne counsel in sending it by Western Union messenger to the Clerk of this Court on the 25th day of March "without direct

notification" to her employer; that counsel resident in Cheyenne had planned to file the record on March 26, 1937, and on March 25th advised associate counsel in Salt Lake City that the record would be filed on the day following, and that consequently they would have until and including Tuesday, May 25, 1937, to prepare and file appellants' brief and abstract of the record, the duty to prepare said brief and abstract having been assumed by them; that all of counsel for appellants were accordingly "under the impression" that the appeal record had been filed as planned; that the brief and abstract were duly prepared by Salt Lake City counsel and received by Cheyenne counsel on the morning of Monday, May 24, 1937; that counsel last mentioned, upon examination of said abstract, concluded that it should be corrected and that the necessary changes would require an additional day's time, and non-resident counsel were immediately so notified by phone call; that the correction was completed about noon on Tuesday, May 25, 1937, and the brief and abstract, with the requisite copies, were filed in the Clerk's office of this Court on that day; that "at about that time" Cheyenne counsel, through the Clerk of this Court, learned for the first time that the record on appeal had actually been filed on March 25, 1937; that he then endeavored to contact respondent and his counsel, but they were out of the city and no stipulation extending the time for filing said brief and abstract could be procured.

No correspondence is attached to the affidavits submitted. It is not indicated in the affidavit of the stenographer for Cheyenne counsel that after filing the record she never mentioned the fact of such filing to her employer. The copy of the bill rendered for March 1937, by the Western Union Company to Cheyenne counsel for the services of the messenger who brought the record to the Clerk's office of this Court, and which

bill is attached to the stenographer's affidavit, shows that on the 25th of that month a messenger went on an errand for him to the Capitol Building in this city. The affidavit of Cheyenne counsel does not state that he made any inquiries of any one at any time as to the nature of the errand of the messenger to the Capitol Building, for which he was billed.

On June 21, 1937, respondent filed his motion to dismiss the cause for failure to comply with the rules of this court already mentioned. These rules have been in force to govern the filing of briefs in the Supreme Court of this jurisdiction practically since the State entered the Union. They have been before the court for consideration, interpretation and enforcement in a number of cases. Some of these are:

Cronkhite et al. v. Bothwell, 3 Wyo. 739, 31 Pac. 400; Robertson v. Shorow & Company, 10 Wyo. 368, 69 Pac. 1; Cook v. South Omaha National Bank, 13 Wyo. 187, 79 Pac. 18; Phillips et al. v. Brill, 15 Wyo. 521, 90 Pac. 443; Small v. Johnson County Savings Bank, 16 Wyo. 126, 92 Pac. 289; Ford v. Townsend et al., 22 Wyo. 397, 143 Pac. 356, 1199; Boner et al. v. Fall River County Bank, 25 Wyo. 88, 164 Pac. 1140; Inman v. City of Cheyenne, 40 Wyo. 72, 275 Pac. 115; State ex rel. Bishop v. Bramblette, County Treasurer, 42 Wyo. 405, 295 Pac. 800; Lawer Auto Supply Co. v. Teton Auto Co., 43 Wyo. 349, 5 Pac. (2d) 306.

In Cronkhite et al. v. Bothwell, supra, the excuse for not filing the brief on behalf of the plaintiffs in error was that their attorney had noted on his private docket that his brief should be filed within ninety instead of sixty days from the time of filing the petition in error, the inception of the running of time for filing his brief in appellate proceedings of that character; that he had no copy of the rules of this court, or if he had, it had been mislaid, and he was "under the impression, or felt certain" that he had the longer period in

which the filing should be made. He was called away from his office on important business, but returned home some ten days before the time expired for filing his brief in the case, and then he wrote to the Clerk for a copy of the record. In granting the motion to dismiss filed by defendants in error, the court, among other things, said:

"There might be cases of unavoidable casualty or overwhelming necessity presented where the court would be justified in waiving or suspending a rule, even though it is provided that it shall have the binding effect of a statute, but certainly the matters alleged in justification in the affidavit of one of the attorneys for the plaintiffs in error, presented in support of the motion to reinstate, do not constitute a ground for relief. * * * * * He was called away on important business, and did not return home until some 10 days before the expiration of the time for filing the brief in this case, when he wrote to the clerk to send him a copy of the printed record. This was in ample time to have the time extended according to rule 20. Attorneys practicing in this court are bound to know its rules, whether members of long standing of the court or for a particular case. * * * * * The laches of the attorney for plaintiffs in error is not excusable, even under his own showing. We cannot absolve him from the penalty legitimately attaching to the disregard of our rules. Green v. Elbert, 137 U. S. 623, 11 Sup. Ct. Rep. 188. We cannot depart from the beaten route of so many valuable precedents to accommodate attorneys. It would encourage a lack of vigilance in attorneys and suitors, and discourage the prompt compliance with the rule on the part of the diligent and attentive. The briefs have been filed since the expiration of the time, but this does not prevent a dismissal. The defendant in error has a right to have the proceedings in error dismissed.

In Cook v. South Omaha National Bank, supra, the excuse for failure to file the brief of plaintiffs in error was that counsel had given the attorney for defendant in error a list of authorities dealing with the questions

involved in the cause, which happened to be the only copy counsel for plaintiff in error had; that when the latter, before the time for filing his brief expired, asked for its return, opposing counsel claimed to have forgotten the matter and could not find the list, but agreed to continue search for the same; that counsel for plaintiff in error were nominated as candidates for office at the then ensuing election, and thereafter they were too busy on other matters to prepare the brief. Sustaining the motion to dismiss the cause, the court remarked that: "The facts do not show such an unavoidable casualty or overwhelming necessity as would justify a disregard of the rules.

In Phillips v. Brill, supra, the rules were relaxed and the brief of plaintiffs in error was allowed to be filed after the lapse of filing time where the sole counsel for plaintiffs in error, engaged in preparing the brief, became totally disabled to complete and file it on account of serious illness, which ultimately carried him into a hospital. Plaintiffs in error were entirely without knowledge of his sickness or inability to attend to business or that the time for filing the brief had lapsed until just before the filing of a motion by other counsel subsequently retained for additional time. This court there said, referring to Rule 20 aforesaid: "We have no doubt that the implication is strong against the right to any·extension after the time has elapsed, and that if the power then exists to grant an extended time it should be sparingly exercised and only in extreme cases to prevent an apparent injustice."

That counsel for plaintiff in error, who had completed his brief two days before the expiration of the time for filing same, but was unable until the day before filing time expired to find opposing counsel at their office so that service of the brief could be made upon them, was held in Small v. Johnson County Savings Bank, supra, to be an insufficient excuse to avoid the

dismissal asked for under Rule 21 aforesaid. It was pointed out that the relaxation of the rule in Phillips v. Brill, supra, was "on the ground of unavoidable casualty upon a very strong and clear showing."

Holding that Rule 15, supra, requires both the filing and service of the brief for plaintiff in error within the sixty day period prescribed therein, the court in Ford v. Townsend, supra, decided that although counsel had filed the necessary number of copies of his brief on the last day required by Rule 15, and had left an additional copy with the Clerk of this Court for opposing counsel, but through oversight neglected to ask the Clerk to mail it to counsel, this was no excuse in avoidance of the aforesaid rule requiring also service of the brief, and a motion to dismiss for failure to serve the brief in time was granted.

In Boner et al. v. Fall River County Bank, supra, it was held that the failure of plaintiffs in error to file their briefs within rule time would not be excused by the sickness and absence from the state of their resident counsel and the non-resident attorney's lack of knowledge that the proceedings in error had been perfected, that the time for filing briefs had arrived and that the briefs had not been filed, where the non-resident attorney intended to complete the brief, knew of the resident attorney's absence, and though furnished a copy of the rules, made no effort to ascertain from the Clerk of this Court whether the brief had been filed.

Where appellant failed to file and serve its brief until after the time fixed by the rules expired, in Lawer Auto Supply Co. v. Teton Auto Co., supra, an excuse presented by affidavit that this failure resulted from an error in calculation, counsel thinking that the time for serving and filing the brief expired on a later date than actually was the fact, was held to be insufficient and a motion to dismiss was sustained.

Appellant's brief in State ex rel. Bishop v. Bramb-

lette, County Treasurer, supra, was filed only one day after the sixty day period subsequent to filing the record on appeal. There counsel wired the Chief Justice of this Court that their brief had been mailed by them in time to reach the Clerk and be filed on the last day allowed by the rule and that the delay must have been due to the miscarriage of the mail. The respondent's motion to dismiss was nevertheless sustained, this showing being held to be insufficient.

The cases of Stirrett v. Stirrett, 35 Wyo. 1, 244 Pac. 1006, and Stanolind Oil & Gas Co. et al. v. Bunce, 48 Wyo. 517, 49 Pac. (2d) 241, are examples of cases where the rules were relaxed under circumstances when to enforce them would merely have delayed the litigation, caused both court and counsel additional and unnecessary labor and the rights of the parties would not have been concluded permanently. These decisions are not in point here.

In the instant case it appears also from the records of the Clerk of this Court that when the record was filed herein on March 25, 1937, a receipt was issued by the Clerk to Cheyenne counsel in acknowledgment of his payment of the usual docket fee, said receipt bearing that date. Nothing appears in the affidavits submitted for appellants that the receipt thus dated and given them did not warn counsel that the record had been filed and the docket fee then paid. Counsel must know—for it has been so decided in relation to Rule 7 of this court—that the record cannot be filed by the Clerk until the docket fee has been paid, Posvar v. Royce, Sheriff, 37 Wyo. 34, 258 Pac. 587, and that the practice is customarily to pay the fee at the time the filing is made.

The records of the Clerk of this Court also disclose that on April 19, 1937, Cheyenne counsel for appellants withdrew the record on appeal and it was in his or his associate counsel's possession until May 25, 1937, when

it was returned to the Clerk's office. That record at that time bore, and now bears, on its cover and directly below the title of the case in this court the file notation of the Clerk, viz., "In the Supreme Court, State of Wyoming Filed Mar. 25, 1937. Fred S. Fobes, Clerk," placed there when the record was received by him. We are wholly at a loss to understand how counsel for appellants could have used and worked with this record in the preparation of brief and abstract, for more than a month, without being fully aware of the filing date of the record, and, of course, the date when their brief and abstract were due here.

From the facts submitted, as stated above, it is noted that appellants' brief and abstract were actually in Cheyenne counsel's hands on Monday, May 24, 1937, and if they had been filed on that date no infraction of the rules would have taken place. But it is argued that a correction of the abstract prepared by associate counsel had to be made. While counsel themselves were at fault in this respect also, still two courses of procedure lay open to them to guard against the consequences of a failure to file their brief in time. Even if opposing counsel were unavailable for the purpose of obtaining a stipulation extending the time for filing appellants' brief and abstract, nevertheless an application made on May 24th to any one of the Justices of this Court, for an extension of the filing time for a few days within which to make the necessary corrections, service and filings, would undoubtedly have been granted. The other alternative which lay ready at counsel's hand was to have filed the brief and abstract on May 24, 1937, and then sought leave from the court to withdraw the abstract for correction. Permission to do this would readily have been granted. Neither course of procedure was followed.

We realize that counsel urge that they did not know or had misapprehended the date when the filings were

due under the rules. We think, however, under all the circumstances disclosed in the cause they must be held in fact chargeable with knowledge of the exact date when their brief and abstract should have been placed on file in the Clerk's office of this Court. As has been pointed out by prior decisions, they were bound to know the rules governing the practice here, as well as this Court's decisions interpreting and enforcing them. Even under appellant's own showing they, of course, knew that the time for filing their brief and abstract was dangerously close to expiration, and common prudence would have dictated that an extension of time should be sought. The language used by Mr. Chief Justice Potter in Robertson v. Shorow & Co., supra, expresses accurately our views of this case. In the course of his opinion he there said:

"It is clear that no unavoidable casualty or overwhelming necessity is shown in this case. It does not appear that counsel was prevented from preparing, filing or serving briefs, or from securing an extension of time in the manner provided by the rules, by any circumstance fairly beyond his control. We think rather that the facts indicate the contrary."

Under the decisions of this court cited above, when applied to the presented facts, we are obliged to conclude that the motion to dismiss should be sustained and it will be so ordered.

*Dismissed.*

BLUME, C. J., and KIMBALL, J., concur.