In the Matter of the Claim of Willard V.
HUGHES.

D. W. CAMPBELL, Appellant,

v.

Ivan I. FULLERTON, Appellee.

No. 2946.

Supreme Court of Wyoming.

Sept. 20, 1960.

R. I. Leedy, Moran, Hettinger & Leedy, Riverton, for appellant.

Smith, Nicholas & Clark, Lander, for appellee.

Ivan I. Fullerton, appellee, pro se.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

PER CURIAM.

In this case the appellant, D. W. Campbell, a contractor in Riverton, Wyoming, entered into an agreement with the Riverton Lions Club under which agreement D. W. Campbell, for the sum of $1,000, agreed to move certain partitions and do some other work in the Riverton Library building operated by the Riverton Lions Club. Work in connection with this contract was commenced about October 23, 1958. Shortly thereafter Campbell contacted Ivan I. Fullerton to do some work in connection with the tearing down of partition walls, and Fullerton agreed to do that for the consideration of $150. Fullerton in turn asked Willard V. Hughes to help him in this work at a compensation of $2.00 per hour. Hughes commenced work on November 5, 1958, and almost immediately thereafter he was injured by a splinter which injured the eye. He employed a physician in Riverton who in turn sent him to a physician in Casper. He filed a claim for compensation. He at first gave Ivan I. Fullerton as his employer but later changed it to D. W. Campbell. The court allowed compensation on December 13, 1958, in the amount of $153.33, stating that the employer was either D. W. Campbell or Ivan I. Fullerton and that this question should be determined later. Fullerton claimed that he was an employee rather than a contractor. The court by order and judgment filed August 3, 1959, determined that D. W. Campbell was the employer liable in connection with the compensation to be allowed Willard V. Hughes. From that order and judgment D. W. Campbell has appealed to this court.

It appears herein that Campbell is an employer regularly paying sums into the workmen's compensation fund of this state, while Fullerton has not heretofore come

within the terms of the Workmen's Compensation Law of this state. The determination herein made by the court is a determination under the Workmen's Compensation Law, notwithstanding the fact that the main controversy in the court below was between Fullerton and Campbell. The state is vitally interested in the case. It is a necessary party herein, in view of the fact that the state might have considerable difficulty in recovering any amount of money from Fullerton if it should be determined that the latter was a contractor or subcontractor under the arrangements made herein by the parties.

Rule 12(d), Rules of the Supreme Court of Wyoming, December 1, 1957, provides:

"In workmen's compensation cases brought to this court by appeal, the appellant, within fifteen days after the filing of the record on appeal in this court, shall file with the clerk five copies of his brief, and shall also within that period serve upon or mail to the opposite party or his attorney of record, and * * * also serve upon or mail to the attorney general one other copy of such brief * * *."

Rule 12(e) provides:

"In all cases both criminal and civil, in which the state is a party, or in which any of its property is involved, * * * counsel shall also serve a copy of their brief upon the attorney general."

It is quite apparent, as heretofore stated, that the property of this state is involved herein. As far as the record herein shows, no brief of any kind was ever served upon the Attorney General of this state so that the latter could have protected the interests of the state in connection with its workmen's compensation fund. The case must, accordingly, be, and it is hereby, dismissed for failure to comply with the rules of this court. It is not necessary to determine whether or not Fullerton was an employee or subcontractor.