John J. TOBIN, County Clerk of Natrona
County, Wyoming, Appellant (De-
fendant below),

v.

H. M. PURSEL and Margaret L. Pursel,
husband and wife, Appellees
(Plaintiffs below).

No. 4466.

Supreme Court of Wyoming.

Aug. 21, 1975.

Daniel Burke, County Atty., Casper, for appellant.

B. J. Baker, of Brown, Drew, Apostolos, Barton & Massey, Casper, for appellees.

Before McCLINTOCK, RAPER and ROSE, JJ.

ROSE, Justice.

The Pursels are the owners of a sizeable amount of property adjacent to Casper along the Alcova Highway. They have been selling lots to the general public for residential purposes, conveying the lands by metes and bounds. They were requested by the county clerk, the defendant-appellant herein, to file a plat and dedication under § 34–123, W.S.1957,[1] which they declined to do and in lieu thereof brought this suit for declaratory judgment seeking a determination of the construction and the validity of the afore-cited section of the statutes.

The issues presented to the trial court may be defined as set out in the appellees' brief:

"1.   Did the actions of appellees in selling tracts of their land constitute the subdividing of said land into three or more parts for the purpose of laying out any town or city, or any addition thereto, or any part thereof, or suburban lots, within the contemplation of Section 34–113, Wyoming Statutes 1957?

"2.   If the selling of such tracts of land did constitute such subdividing, is Section 34–123, Wyoming Statutes 1957, purporting to give the County Clerk the power to cause a survey to be made and to prepare and record a plat, thereby dedicating lands to public use, unconstitutional?"

The trial court held that the Pursels were in fact subdividers and subdividing their land for the purpose of laying out suburban lots under the statute, but further held that § 34–123 violated the due process clauses of the federal and state constitutions.

The suit was brought under the Uniform Declaratory Judgments Act, appearing in

---

1.  "§ 34–123.  *When county clerk to make plat generally—Neglect, refusal, etc., of owners; notice; acknowledgment and recording; costs; assessments; civil action against owners.*—Whenever the original owner or proprietor of any sub-division of any land, as contemplated in section one of this act [§ 34–113], has sold or conveyed any part thereof, or invested the public with any rights therein, and has failed and neglected to execute and file for record a plat, as provided in section one of this act, the county clerk shall notify some, or all, of such owners and proprietors by mail or otherwise, and demand the execution of said plat as provided; and if such owners or proprietors, whether so notified or not, fail and neglect to execute and file for record said plat for thirty days after the issuance of such notice, the county clerk shall cause to be made the plat of such subdivision, and any surveying necessary therefor. Said plat shall be signed and acknowledged by the county clerk, who shall certify that he executed [it] by reason of the failure of the owners or proprietors named to do so, and filed for record; and when so filed for record, shall have the same effect for all purposes as if executed, acknowledged and recorded by the owners or proprietors themselves. A correct statement of the costs and expenses of such plat, surveying and recording, verified by oath, shall be by the county clerk laid before the first session of the county commissioners, who shall allow the same and order the same to be paid out of the county treasury, and who shall, at the same time, assess the same amount pro rata, upon all of the several subdivisions of said tract, parcel or lot so subdivided; and said assessment shall be collected with, and in like manner as the general taxes and shall go to the general county fund; or said county commissioners may direct suit to be brought in the name of the county before any court having jurisdiction, to recover of the said original owners or proprietors, or either of them, the said cost and expense of procuring and recording said plat."

Wyoming Statutes 1957, §§ 1–1049 to 1–1064.

The court was petitioned under and by authority of § 1–1052, entitled "Right of interested party to have determination made." This section of the statute provides:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are *affected by a statute,* municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." [Emphasis ours]

■ We find that this is a proper case to utilize the declaratory judgments act and there is a justiciable controversy based upon the facts apparent in the record.

Even though it was not raised by the litigants, we call attention to § 1–1061 of the declaratory judgments act, which is entitled *"Parties generally; proceedings involving validity of ordinance or franchise."*:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, *and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding*

*and be entitled to be heard."* [Emphasis ours]

This is a controversy in which a statute is alleged to be unconstitutional and, by admission of counsel, the attorney general of Wyoming had not been served with a copy of the proceeding or given the opportunity to be heard, as provided and directed by § 1–1061, *supra.*

■ In light of this, we must determine whether or not it is fatal to this appeal necessitating a remand to the district court for purposes of complying with § 1–1061, *supra*, and other attendant ramifications. If it is in fact necessary that the attorney general be served with a brief and given an opportunity to be heard, it would be improper for this court to now decide the other issues raised on the appeal since this, then, would become an exercise in advisory opinion-rendering and we should not render advisory opinions.[2]

■ UNDER THE DECLARATORY JUDGMENTS ACT, WHERE A STATUTE IS ALLEGED TO BE UNCONSTITUTIONAL, THE ATTORNEY GENERAL MUST BE SERVED WITH A COPY OF THE PROCEEDING AND BE GIVEN AN OPPORTUNITY TO BE HEARD. THIS STATUTORY INJUNCTION IS MANDATORY AND JURISDICTIONAL.

In 22 Am Jur 2d, Declaratory Judgments § 85, entitled *"As defendants."*, at page 949, the text says:

"The Uniform Act further provides that if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard. This provision has been held to be mandatory and jurisdictional, and a condition precedent

---

2. It is not only within the power of this court, but the duty of the court, to notice and act upon jurisdictional matters even though not raised by the parties or the court below. *Big Horn Coal Co. v. Sheridan-Wyoming Coal Co.,* 67 Wyo. 300, 224 P.2d 172, 177; *Wyoming*

*State Treasurer ex rel. Workmen's Compensation Department v. Niezwaag,* Wyo., 444 P.2d 327, 328; *Bowman v. Worland School District,* Wyo., 531 P.2d 889, 890; and *Gardner v. Walker,* Wyo., 373 P.2d 598, 599.

to the entry of a declaratory decree if constitutionality of a statute or ordinance is involved."

It is said in Anderson, Declaratory Judgments, Volume 1, § 179, page 345, under the heading, "*State or Officer or Sub-Division of a State as a Party to an Action,*":

"Where the state's interests are drawn into question in a declaratory judgment action, the state must be made a party or represented pursuant to the law of the particular jurisdiction. Provisions of the Uniform Declaratory Judgment Act, requiring service on the Attorney General, where a statute or ordinance is called into question on constitutional grounds, is mandatory and jurisdictional and the court is without power in a declaratory judgment action to proceed where this provision is not complied with.",

citing numerous cases in Note 42; and also see Volume 1 Supplement, Note 42, page 162, citing more recent cases.

In *Wheeler v. Bullington,* 264 Ala. 264, 87 So.2d 27, the court was concerned with a bill for a declaratory judgment to determine the invalidity of an act of the legislature and to enjoin the enforcement thereof. The question was whether or not the act was constitutional.

The court said:

". . . . it appears to be universally held that compliance with this provision is mandatory and goes to the jurisdiction of the court."

A long list of citations is given in support of this rule.

In *Bond's Jewelry Company v. City of Mobile,* 266 Ala. 463, 97 So.2d 582 (1957), a bill for a declaratory judgment was before the court to determine the validity of a municipal ordinance which was under attack on constitutional grounds. The statute provided that in such cases the attor-

ney general shall be served with a copy of the proceedings and have an opportunity to be heard; and in reiterating its holding in *Wheeler v. Bullington,* supra, the court held:

"It is clear, therefore, that the trial court never acquired jurisdiction to render the decree appealed from, and said decree is void. The absence of jurisdiction is apparent on the face of the record.

"A void decree will not support an appeal; this court can acquire no jurisdiction on such an appeal even by consent of the parties; it must take notice of its own want of jurisdiction apparent on the record."

In *In re City of Bellingham,* 52 Wash.2d 497, 326 P.2d 741 (1958), the question was whether or not a certain city ordinance was constitutional.

The appellant had not complied with the applicable provisions of the declaratory judgments act with respect to the attorney general and the court said:

"This requirement is jurisdictional. *Parr v. City of Seattle,* 1938, 197 Wash. 53, 84 P.2d 375."

See also *Hydraulic Press Brick Co. v. City of Independence,* 38 Ohio App.2d 37, 311 N.E.2d 873 (1974), and *Bollhoffer v. Wolke,* 66 Wis.2d 141, 223 N.W.2d 902 (1974).

In Wyoming, related areas contemplating the necessity of serving the attorney general with copies of briefs have been considered by the legislature and this court.

Rule 12(e) of the Rules of the Supreme Court, provides:

"*Service of briefs upon attorney general.* —In all cases both criminal and civil, in which the state is a party, or in which any of its property is involved, including criminal cases upon reserved questions, and cases arising upon exceptions taken in a criminal case by the prosecuting at-

torney, *counsel shall also serve a copy of their brief upon the attorney general."* [Emphasis ours]

We held in *State v. Kelly,* 33 Wyo. 420, 422, 240 P. 207, where this rule was disregarded:

". . . . the fact is not denied that the brief was not served upon the Attorney General, and that is sufficient ground for dismissal." Citing *Grippen v. State,* 20 Wyo. 486, 124 P. 764, 128 P. 622; *Ford v. Townsend,* 22 Wyo. 397, 142 P. 356, reh. den. 143 P. 1199; and *Small v. Savings Bank,* 16 Wyo. 126, 92 P. 289.

Rule 12(d) of the Rules of the Supreme Court, provides:

"In workmen's compensation cases brought to this court by appeal, the appellant, within fifteen days after the filing of the record on appeal in this court, shall file with the clerk six copies of his brief, and shall also within that period serve upon or mail to the opposite party or his attorney of record, *and, . . . also serve upon or mail to the attorney general one other copy of such brief; . . . ."* [Emphasis ours]

■ The purpose of this rule is to permit the attorney general to protect the property of the state, and we held *In the Matter of the Claim of Hughes, D. W. Campbell, v. Fullerton,* Wyo., 355 P.2d 204, 205:

"As far as the record herein shows, no brief of any kind was ever served upon the Attorney General of this state so that the latter could have protected the interests of the state in connection with its workmen's compensation fund. The case must, accordingly, be, and it is hereby, dismissed for failure to comply with the rules of this court."

While we have not heretofore made a determination with respect to the effect of failing to comply with the declaratory judgments statute requiring that the attorney general be served and giving him an opportunity to be heard, we have touched this problem in the criminal area and the workmen's compensation area and have held in both circumstances that a failure to comply with the rule renders the appeal subject to dismissal.

We have seen from the Alabama cases, *Wheeler v. Bullington,* supra (citing a myriad of supporting authorities), and *Bond's Jewelry Company v. City of Mobile,* supra, as well as other previously cited cases and text authorities, that a failure to comply with the applicable mandates of the declaratory judgments act, with respect to serving the attorney general with a copy of the proceeding and permitting him to be heard, is a jurisdictional defect rendering any declaratory decree void. We think that is the majority rule in this country.

■ The attorney general, being the chief legal officer of the State, has a duty to protect the interests and the welfare of the people in declaratory judgment actions where statutory constitutional questions are in issue. Where the reason for the provision requiring a copy of the proceeding to be served upon the attorney general and he be given an opportunity to be heard was under discussion in *Watson v. Claughton,* 160 Fla. 217, 34 So.2d 243, 246, (1948), the court said:

"It is evident that the intent and purpose of this Section . . . . was to provide an avenue for the interests of the State to be represented contingent (1) upon the Attorney General's concluding that the State's interests should be represented in such proceedings and (2) upon the Attorney General's making a showing before the Court sufficient to warrant the Chancellor, in the exercise of sound discretion, in making an order permitting it."

The court goes on to say:

"There is no statutory provision governing the matters which the Attorney General should present, nor is there a stated standard to guide the Chancellor in passing upon the matters which the Attorney General might present; both are left

open, to be governed by the facts and circumstances and for the exercise of sound discretion in the discharge of their respective duties and functions of office. . . ."

We agree that the intent and purpose of the statute is as expressed by the court in *Watson v. Claughton,* supra.

We therefore hold that the requirements of § 1–1061 of the Wyoming Statutes 1957, directing that the attorney general shall be "served with a copy of the proceeding" and "be entitled to be heard" are mandatory and go to the jurisdiction of the court, and that the failure to comply with the mandates renders any lower court order void.

The appeal is therefore dismissed and remanded to the lower court for proceedings not inconsistent with this opinion.